LAFFITTE *et al. v.* BURKE, treasurer, *et al.*

The question whether a local legislative act passed in 1881 is for any reason unconstitutional is not properly raised by a general statement that "said act is in conflict with the general law of 1877."

Argued June 8, — Decided July 20, 1901.

Application for mandamus. Before Judge Brinson. Screven superior court. February 15, 1901.

*J. W. Overstreet*, for plaintiffs.

*E. K. Overstreet, White & Boykin*, and *T. W. Hardwick*, contra.

COBB, J. In the case of *Hardwick* v. *Burke*, ante, 999, in which the officers of the superior court of Screven county were attempting to assert a lien upon certain fines which had been paid into the county treasury by the county judge of that county, interventions were filed by Laffitte and Burns, each setting up that he had been convicted in the county court of a violation of a special act for Screven county regulating the sale of liquor, and that such special act was "unconstitutional, null and void, for the reason that said act is in conflict with the general law of 1877." The intervenors prayed

that the amounts which had been paid by them to the county judge, and which were in the hands of the county treasurer, being embraced in the sum in controversy in the case of *Hardwick* v. *Burke*, be repaid to them. It does not appear that any objection was made to these persons filing interventions in the case, nor was any question raised as to whether they were entitled to the relief prayed in the manner in which they asked it. The prayer of the intervenors was denied, and to this ruling they excepted. It appears from the record that the intervenors were regularly tried and convicted in the county court; and the sole ground upon which the judgment of conviction is attacked is that the law for a violation of which the intervenors were convicted is an invalid law, and therefore no lawful judgment of conviction could have been entered against them. The only attack made upon the law in the pleadings of the intervenors was in the language quoted above. We do not think this was sufficient to authorize either the trial judge or this court to pass upon the question as to whether the special act for Screven county was a valid and constitutional law. One who calls in question the constitutionality of a law passed by the General Assembly must in his pleadings clearly and distinctly point out in what respect the law is violative of the constitution. No reason is assigned in the language quoted why the act is unconstitutional, save that it is "in conflict with the general law of 1877." What general law of 1877? There were several general laws enacted in 1877, and there was more than one general law enacted in that year relating to the subject of the sale of liquor. The allegation not only does not identify any particular law passed in 1877, but it also fails as a sufficient attack upon the constitutionality of the special act, for the reason that it does not in any way call attention to the specific provision of the constitution with which the act is claimed to be in conflict. No court should ever pass upon the constitutionality of a legislative act unless the record in the case clearly and specifically points out the reason why the act is claimed to be unconstitutional. See *Savannah Railway Co.* v. *Hardin*, 110 *Ga.* 433, and case cited. The pleadings of the intervenors not being sufficient to bring in question the constitutionality of the law under which they had been convicted, the judge did not err in refusing to grant the relief prayed for, without regard to the question whether they were properly or improperly before the court.

*Judgment affirmed. All the Justices concurring.*