SCOTT *v.* THE STATE.

No. 12645.   FEBRUARY 18, 1939.   REHEARING DENIED MARCH 10, 1939.

*George G. Finch,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.

DUCKWORTH, Justice.   The defendant was convicted in the criminal court of Fulton County of possessing unstamped whisky.   The superior court of Fulton County overruled his certiorari, and he excepted.   The only question for decision is whether the trial court erred in overruling the defendant's general demurrer to the accusation, which demurrer attacked the constitutionality of sections 11 and 17 of the revenue tax act to legalize and control alcoholic beverages and liquors, imposing a tax of one dollar per gallon on all distilled spirits imported into the State and fifty cents per gallon on all distilled spirits manufactured within the State, making it a misdemeanor to possess liquor which does not bear tax stamps showing the payment of this tax, and declaring such untaxed liquor to be contraband.   The grounds of the demurrer will be sufficiently stated in the following opinion.

■   Section 11 of the revenue tax act is in part as follows: "There shall be levied and collected on all distilled spirits imported into the State of Georgia a tax of one dollar ($1.00) per wine gallon, and on all alcohol imported into the State of Georgia a tax of two dollars ($2.00) per wine gallon, and a proportionate tax at like rates on all fractional parts of a gallon.   There shall be levied and collected, on all distilled spirits manufactured in the State of Georgia from Georgia grown products, a tax of fifty cents (0.50) per wine gallon, and on all alcohol manufactured in the State of Georgia, not from Georgia grown products, a tax of one ($1.00) dollar per wine gallon, and a proportionate tax at like rates on all fractional parts of a gallon."   Ga. L. Ex. Sess. 1937-38, pp. 103, 115.   It is contended that the tax levied by this section

is unconstitutional because it is not ad valorem. Plaintiff in error in his demurrer quoted from art. 7, sec. 2, paragraph 1, of the constitution (Code, § 2-5001), as it read before the ratification of an amendment thereto on June 8, 1937. Ga. L. 1937, p. 39. The relevant portion of this constitutional provision now is, "All taxation shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax," whereas before the amendment it was, "All taxation shall be uniform upon the same class of subjects, and ad valorem on all property subject to be taxed within the territorial limits of the authority levying the tax." It will be noted that the requirement of this section that taxes on property be ad valorem was stricken before the enactment of the statute under review. It follows that the tax levied under section 11 of the act does not violate art. 7, sec. 2, paragraph 1, of the constitution, for the reason assigned.

█ It is also contended that section 11 is unconstitutional because it violates art. 7, sec. 1, paragraph 2, of the constitution of Georgia (Code, § 2-4902), in that the tax imposed by this section exceeds five mills on each dollar of the value of the property so taxed. There is no merit in this contention. The tax levied by the act is an excise tax, and is not a tax on "property" in the sense in which that word is used in the constitutional provision here invoked. "The constitutional restriction to five mills is applicable only to taxes upon property ad valorem." *Standard Oil Co.* v. *State Revenue Commission*, 179 *Ga.* 371 (176 S. E. 1). See also in this connection *City of Atlanta* v. *Georgia Milk Producers Confederation*, 187 *Ga.* 117 (200 S. E. 712), and cit.

█ It is contended that sections 11, 11(c), and 17 of the act under review violate the commerce clause of the United States constitution, in that the effect of these provisions is to deny the petitioner the right to purchase distilled spirits outside the State for his own use. We do not deem it necessary to construe the sections under attack. It is sufficient to state that the commerce clause does not apply to the regulation by States of the importation of intoxicating liquor. Section 2 of the twenty-first amendment to the Federal constitution (Code, § 1-836), provides: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

Since the adoption of this amendment, "the right of a State to prohibit or regulate the importation of intoxicating liquor is not limited by the commerce clause." Indianapolis Brewing Co. *v.* Liquor Control Commission of Michigan, U. S. (decided January 3, 1939). See also State Board of Equalization *v.* Young's Market Co., 299 U. S. 59 (57 Sup. Ct. 77, 81 L. ed. 38) ; Mahoney *v.* Joseph Triner Cor., 304 U. S. 401 (58 Sup. Ct. 952, 82 L. ed. 961) ; Finch & Co. *v.* McKittrick, U. S. (decided January 3, 1939).

4. The accusation was demurred to on the ground that the portions of the act under review were unconstitutional for other reasons, but the grounds of demurrer are too indefinite to require a decision thereon by this court. See *Curtis* v. *Town of Helen,* 171 *Ga.* 256 (2) (155 S. E. 202) ; *Jordan* v. *State,* 172 *Ga.* 857 (159 S. E. 235) ; *Jollie* v. *Hughes,* 184 *Ga.* 860 (193 S. E. 769). It follows that the superior court did not err in overruling the certiorari.       *Judgment affirmed.    All the Justices concur.*