## 27735. HERBERT *v.* THE STATE.

DECIDED SEPTEMBER 22, 1939.

*Grover C. Willis Jr.,* for plaintiff in error.

*J. R. Thompson Jr., solicitor,* contra.

GUERRY, J. Priscilla Herbert was convicted on an accusation charging her with illegal possession of ten half-pints of whisky bearing revenue stamps of the State of Alabama, but no revenue stamps required by the State of Georgia. Her motion for new trial was overruled, and she excepted.

A police officer of the City of Columbus found ten half-pints of whisky in an old unoccupied building adjoining the defendant's restaurant at the rear, and enclosed by a high fence with gates locked from within. The officer did not know whether the defendant controlled the building, but testified that when the whisky was found she stated that it was hers. In her statement to the

jury she denied that she had acknowledged ownership of the liquor, and said that when the officer stated that he was going to arrest some one she told him that she preferred that he arrest her and not her customers, as that would ruin her business. She stated that the building was an old vacant hall not under her control, and that it was open to the public generally. The whisky containers were without revenue stamps of Georgia, but had stamps of Alabama. The accusation was preferred under the Code, § 58-1056, making it a misdemeanor to have possession of whisky which does not have on the containers the required revenue stamps of the State. The court charged the jury, on the effect of that statute under the facts in the case, as follows: "If you find that the whisky in this case was in the possession of this defendant, the fact that the containers of the whisky had stamps of the State of Alabama affixed thereto would be no defense to this prosecution." The defendant excepted to this instruction, on the ground that it was violative of the constitution of the United States (cited supra), with reference to interstate commerce and spirit of comity between States. At the conclusion of the State's evidence the defendant moved for a directed verdict, which motion the court denied. The defendant excepted to that ruling, and to the overruling of her motion for new trial.

The prohibition law of Georgia (Code, §§ 58-101 et seq.) remains of force in the State, except as modified, altered, or repealed by the revenue tax act to legalize and control alcoholic beverages and liquors. Ga. L., Ex. Sess. 1937-38, pp. 103-124. (Code, §§ 58-1001 et seq.) Under § 58-201 it is unlawful to have, control, or possess liquors such as are charged against the defendant, unless the possession be in accordance with §§ 58-1001 et seq., with reference to bearing the required revenue stamps described in § 58-1050, which provides: "The State Revenue Commissioner shall prescribe suitable stamps in proper denominations denoting the payment of taxes imposed by this chapter, and the tax provided shall be administered and collected by means of adhesive stamps lithographed with an intricate geometric design on safety paper or in a manner as may be prescribed by the revenue commissioner." On prosecution for a violation of § 58-201, it would be a good defense to show that the whisky did in fact have on it the revenue stamps required under the revenue tax act. But the possession of

whisky not bearing the required revenue stamps is of itself, for that reason, a violation of the revenue tax act, § 58-1056, which declares: "The possession of any distilled spirits or alcohol by any person which does not bear the tax stamps provided for herein shall be unlawful, and such distilled spirits or alcohol shall be subject to seizure by any peace officer, or agent of the revenue commissioner, and the offender shall be guilty of a misdemeanor, and upon conviction shall be punished as such." The accusation in the instant case being under this section, on possession being proved in the defendant, a successful defense could be presented only by showing that the whisky in question did in fact bear the revenue stamps required under the revenue tax act.

Under the prohibition law of Georgia (Code, §§ 58-101 et seq.), whisky was without property right in the possessor; it was contraband, and its importation, whether taxed or untaxed, and whether for sale or for the *use* of the possessor, was prohibited by the constitution of the United States, art. 21, sec. 2 (Code, § 1-836), which declares: "The transportation into any State, territory or possession of the United States for delivery or *use* therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited." (Italics ours.) It clearly follows that the possession by any person of liquor bought in another State, whether bootleg or tax paid, and brought into Georgia, was illegal, and subjected the offender to prosecution under the Code, § 58-201. Such is still the law, and *in that respect it remains unchanged* by the revenue tax act (Code, §§ 58-1001 et seq.). The effect of that act (§§ 58-1050-1056) was not to throw open the door to free importation from other States of whisky bearing their revenue stamps, but narrowly to permit possession in Georgia of whisky, *provided* the possessor fully complied with all requirements of this State relative to revenue stamps, limitations on quantities possessed, etc. We think it makes no difference whether the prosecution is brought under § 58-201, or under § 58-1056 as was done in the instant case; the prosecution is not violative of the constitution of the United States, cited supra. In this connection we quote from *Scott* v. *State*, 187 *Ga.* 702 (3), 704 (2 S. E. 2d, 65) : "It is contended that sections 11, 11(c), and 17 of the act under review violate the commerce clause of the United States constitution, in that the effect of these provisions is to deny the petitioner the right to

purchase distilled spirits outside the State for his own use. We do not deem it necessary to construe the sections under attack. It is sufficient to state that the commerce clause does not apply to the regulation by States of the importation of intoxicating liquor." In the instruction complained of the court correctly charged the jury as to the law applicable, and did not err therein for any reason assigned.

It is never error, and it has been so held under repeated rulings of this court, for the court to refuse to direct a verdict. The court did not err in so refusing in this case. Headnotes 3 and 4 need no further exposition.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*