46467.   HABER v. FULTON COUNTY et al.

Evans, Judge. Plaintiff sued a number of alleged joint tortfeasors seeking to recover damages arising out of an alleged collision

of an automobile in which she was a passenger which struck a utility pole located in the paved portion of a county road. One of the defendants was Fulton County. It filed a motion to dismiss based upon its sovereign immunity, contending that a county is not liable to suit unless made so by statute and no statute makes it liable to a suit such as the case sub judice. After a hearing the trial court entered an order sustaining the motion, and appeal is from that judgment. Error is enumerated that the court erred in sustaining this motion and that the order is violative of the State and Federal Constitutions (*Code Ann.* §§ 2-103 and 2-104—the right of citizens to seek redress in its courts and denial of due process; 5th and 14th Amendments—denial of due process, as well as equal protection of citizens' clauses, *Code* §§ 1-804, 1-815 and 1-407). None of these constitutional questions was raised in the lower court prior to notice of appeal. *Held:*

The appeal attempts to raise by brief and argument here for the first time an attack upon the constitutionality of *Code* § 23-1502 which states that a county is not liable to suit unless made so by statute. The enumeration of error likewise raises constitutional attacks upon the doctrine of sovereign immunity for the first time in this court. The appellate courts of this State have no original jurisdiction but are courts for the correction of errors of law only arising in the lower courts. Thus, a constitutional question must be raised and distinctly passed on by the trial judge. *Brown v. State,* 114 Ga. 60 (2) (39 SE 873); *Griggs v. State,* 130 Ga. 16 (60 SE 103); *Bentley v. Anderson-McGriff Hardware Co.,* 181 Ga. 813 (1) (184 SE 297); *Thompson v. Allen,* 195 Ga. 733 (25 SE2d 423). The attempt by brief for the first time to attack a statute as unconstitutional does not give the Supreme Court jurisdiction of this review by thus attacking the constitutionality of a law. There is no merit in the attempted constitutional attack upon the statute. Nor can we ascertain if a question of pure application was raised in the lower court in dismissing the petition. See in this connection, *Head v. Edgar Bros. Co.,* 187 Ga. 409 (200 SE 792); *Jarvis v. State,* 197 Ga. 704 (30 SE2d 484); *Thompson v. State,* 199 Ga. 250 (33 SE2d 903). However, the question of sovereign immun-

ity has been decided adversely to the appellant by the Supreme Court of this State in such cases as *Ramsey v. Hamilton,* 181 Ga. 365 (182 SE 392); *Roberts v. Barwick,* 187 Ga. 691 (1 SE2d 713); *Barwick v. Roberts,* 192 Ga. 783 (16 SE2d 867) as well as many others. Thus, the Supreme Court of this State, and doubtless that of many other States and of the United States, have so often affirmed and acknowledged that the doctrine of sovereign immunity prevents a suit by a citizen against the State, or a political subdivision thereof, until it is hardly necessary to again formally assert this rule. As stated in the *Roberts v. Barwick* case at page 694: "The sovereignty of the State is supreme, and to maintain that sovereignty the supremacy must also be maintained, and to do that the State must never be subjected to suit without its expressed consent." We deem it, therefore, unnecessary to further discuss appellant's claim of error, hence we must affirm the judgment.

*Judgment affirmed. Jordan, P. J., and Quillian, J., concur.*
Argued September 13, 1971—Decided October 8, 1971—
Rehearing denied November 4, 1971.

*Johnson, Harper, Daniel & Ward, Inslee M. Johnson, Jackson C. Floyd, Jr.,* for appellant.

*Webb, Parker, Young & Ferguson, Paul Webb, Jr.,* for appellees.

### On Motion for Rehearing

In her motion for rehearing, plaintiff stoutly contends that she did properly raise the constitutional question involved here, by attacking the statute in the lower court. But she also shows that defendant filed a written motion to dismiss her complaint, premised on *Code* § 23-1502 (sovereign immunity) and that she *"filed her brief* in opposition to defendant's motion, attacking the constitutionality of sovereign immunity and Code § 23-1502." (Emphasis supplied). But this is not a sufficient attack, in that she did not raise the point in her pleadings. See *Hazlehurst v. Southern Fruit Distributors,* 46 Ga. App. 453 (1) (167 SE 898). One who calls in question the constitutionality of a law must in his pleadings distinctly and clearly point out in what respect the law is violative of the Constitution. *Laffitte v. Burke,* 113 Ga. 1000 (39 SE 433);

*Scott v. State,* 187 Ga. 702 (4) (2 SE2d 65). An attack by brief is not the proper way to attack the constitutionality of a statute. Accordingly, the motion for rehearing is denied.

*Rehearing denied.*