## 53011. DEKALB CABLEVISION CORPORATION v. PRESS ASSOCIATION, INC.

QUILLIAN, Presiding Judge.

We granted an interlocutory appeal from the trial court's denial of defendant's motion to dismiss the complaint. The motion to dismiss was based on the ground that plaintiff, a foreign corporation, failed to obtain a certificate of authority as required by the Georgia Business Corporation Code (B.C.C.).

Plaintiff, a New York corporation, contracted with defendant to furnish daily a news compilation from the Associated Press for broadcast purposes over its cable services. The news compilation was to be delivered at "DeKalb County, Georgia." The contract was "made at New York, N. Y." Plaintiff has not obtained a certificate of authority to "transact business in this State" under the Business Corporation Code, Code Ann. § 22-1401 (Ga. L. 1968, pp. 565, 707; 1969, pp. 152, 201). A foreign corporation that is required to obtain a certificate of authority but has failed to do so will not be permitted to maintain any action in any court of this state. Ga. B.C.C., Code Ann. § 22-1421 (b) (Ga. L. 1968, pp. 565, 722; 1969.

2

pp. 152, 196, 197).

Two questions immediately present themselves. First — does the daily transmission of news from New York to DeKalb County amount to the transaction of business in this state? Second — if this is transaction of business within this state, does the foreign corporation require a certificate of authority? At first blush it would appear that where a foreign corporation transacts business within the state of Georgia this must be "interstate commerce." Yet, Code Ann. § 22-1401 (a), supra, which requires foreign corporations doing business in Georgia to procure a certificate of authority, exempts foreign corporations "[e]ffecting transactions in interstate or foreign commerce." Code Ann. § 22-1401 (b) (9), supra. This seeming inconsistency must be resolved in this case. *Held:*

The purpose of the interstate exception in the state statute is the rule that a state may not, by discriminatory legislation, exclude, obstruct, impose burdensome conditions, or in any way, fetter or interfere with the right of foreign corporations to engage in interstate commerce, because of the preeminence of the "commerce clause" of the United States Constitution (Art. 1, Sec. 8, Cl. 3). Sioux Remedy Co. v. Cope, 235 U. S. 197 (1) (35 SC 57, 59 LE 193); Furst v. Brewster, 282 U. S. 493 (51 SC 295, 75 LE 478).

A distinction must be made between the right of this state to assert jurisdiction over a defendant foreign corporation doing business within this state, and a plaintiff foreign corporation transacting business within this state which avails itself of the right to sue in our state courts. See International Textbook Co. v. Pigg, 217 U. S. 91 (30 SC 481, 54 LE 678); International Shoe Co. v. Washington, 326 U. S. 310 (66 SC 154, 90 LE 95); McGee v. International Life Ins. Co., 355 U. S. 220 (78 SC 199, 2 LE2d 223); 2 Hornstein, Corporation Law and Practice §§ 583, 584; 15 CJS 619, Commerce, § 62.

The test is one of balance. Transactions in Georgia between a foreign corporation and a local entity, which exhibit both interstate and intrastate features, must be examined to determine its dominant characteristics. Bay City v. Frazier, 77 F2d 570 (6th Cir. 1935). Cf.

International Harvestor Co. v. Kentucky, 234 U. S. 579, 588 (34 SC 944, 58 LE 1479). If the transaction is exclusively or dominantly interstate in nature, it will be characterized as "interstate" and the foreign corporation need not comply with the state statute. Sioux Remedy Co. v. Cope, 235 U. S. 197 (1), supra; Furst v. Brewster, 282 U. S. 493 (5), supra; Allenberg Cotton Co., Inc. v. Pittman, 419 U. S. 20, 34 (2b) (95 SC 260, 42 LE2d 195). However, where the local activities of the foreign corporation are not merely ancillary to the interstate features, but constitute a substantial local and domestic business separate from its interstate business, the foreign corporation must comply with the state statute. Union Brokerage Co. v. Jensen, 322 U. S. 202 (64 SC 967, 88 LE 1227); Eli Lilly Co. v. Sav-On-Drugs, Inc., 366 U. S. 276 (81 SC 1316, 6 LE2d 288); Hayes Wheel Co. v. American Distributing Co., 257 F 881 (2) (6th Cir. 1919), cert. den. 250 U. S. 672 (40 SC 12, 63 LE 1200).

In an action which is "on-all-fours" with the instant case, Star-Chronicle Publishing Co. v. United Press Associations, 204 F 217 (8th Cir. 1913), cert. den. 232 U. S. 721 (34 SC 329, 58 LE 814), the court found that a contract between a press association, incorporated and having its headquarters in New York, and a newspaper in St. Louis, Missouri, in which the association furnished daily for the use of the paper, over its leased wires, news gathered throughout the world, was one which "related entirely to interstate business, and. . .it was not. . .doing business in the state, [within the meaning of the Missouri statutes] which provide that no action shall be maintained by such a corporation, which has not complied with their provisions." 204 F 217 (1).

Accordingly, in the Star-Chronicle case, as in this case, "[t]he evidence clearly shows that, as to the business transacted between the plaintiff and the defendant, under the contracts in question, it was entirely interstate" (204 F p. 221, supra) and squarely within the exception granted foreign corporations from registration. Code Ann. § 22-1401 (b) (9), supra.

The ruling of the trial court in denying the motion to dismiss was correct.

*Judgment affirmed. Marshall and McMurray, JJ.,*

4

*concur.*

SUBMITTED NOVEMBER 3, 1976 — DECIDED JANUARY 10, 1977.

*Arnall, Golden & Gregory, Thomas R. Todd, Jr.,* for appellant.

*MacKay & Elliott, Thomas W. Elliott, David L. G. King, Jr.,* for appellee.