## 54696. RECORD DATA, INC. et al. v. VINYLGRAIN INDUSTRIES OF GEORGIA, INC.

SHULMAN, Judge.

Plaintiffs-appellants, Record Data, Inc. and Record Data of Georgia, Inc. sued defendant-appellee Vinylgrain Industries of Georgia, Inc. on an account for services rendered. This appeal follows the trial court's order granting a motion for involuntary dismissal without prejudice as to Record Data of Georgia, Inc. and entering judgment in favor of defendant against Record Data, Inc.

1. The defendant objected to the admission in evidence of business records of the plaintiffs introduced to prove the account sued on. The trial court excluded this evidence on the ground that the foundation required by law for their admission had not been laid. Appellant contends that this exclusion constituted error. We agree.

The evidence excluded was a statement listing invoice numbers, dates, and prices for services rendered to the appellee. On the face of the statement appeared the heading "Record Data, Inc., Cleveland, Ohio."

The vice president of Record Data, Inc. testified that Record Data, Inc. performs accounting and bookkeeping functions for Record Data of Ga., Inc., the Atlanta area office of Record Data, Inc. The vice president identified the statement and demonstrated his familiarity with the method of keeping records and testified to facts which showed that the entry was made in the regular course of business and that it was the regular course of business to make a record at the time of the event or within a reasonable time thereafter. The vice president of Record Data, Inc. testified that invoices were kept in the ordinary course of business at regional offices, that these invoices were forwarded to the central processing center in Cleveland, Ohio, which in the ordinary course of business prepared consolidated statements that the Cleveland office billed clients and received payment that such payments were received and in the regular course of business recorded in Cleveland. "This evidence under this showing was relevant and admissible. . ." *Weingrad v. Amerco Marketing Co.,* 127 Ga. App. 521 (194 SE2d 269). See also *Dowling v. Jones-Logan Co.,* 123 Ga. App. 380

(181 SE2d 75). (Code Ann. § 38-711, when complied with, allows introduction of records without producing clerical personnel who made entries; provisions of Code Ann. § 38-310 must yield if inconsistent.)

Although the witness may not have had personal knowledge of when payments were received in Cleveland, such knowledge is not necessary. "While lack of personal knowledge of the making of a business record on the part of a witness may affect its weight, such lack of personal knowledge shall not affect its admissibility. [Cit.]" *Smith v. Bank of the South,* 141 Ga. App. 114 (232 SE2d 629).

The court erred in excluding this evidence and in granting the motion for involuntary dismissal on the basis of that exclusion against Record Data of Ga., Inc.

2. Appellant Record Data, Inc. asserts that the judge erred in dismissing its complaint. The motion to dismiss was based on the grounds that appellant, a foreign corporation, failed to obtain a certificate of authority as required by the Georgia Business Corporation Code. Code Ann. § 22-1401.

Although appellee tendered a certified copy from the Secretary of State showing that appellant had not obtained a certificate of authority to "transact business in this State" in accordance with Code § 22-1401, appellee failed to establish that appellant's activities amounted to the transaction of business in this state. The evidence presented by appellant Record Data, Inc. showed that its activities were predominantly limited to accounting operations and that Record Data, Inc. was not transacting business in this state.

Since Record Data, Inc.'s transaction was "exclusively or dominantly interstate in nature, it will be characterized as 'interstate' and the foreign corporation need not comply with the state statute. [Cits.]" *DeKalb Cablevision Corp. v. Press Assn.,* 141 Ga. App. 1, 3 (232 SE2d 353). It follows that the judge erred in dismissing the complaint of Record Data, Inc. See also *Ellison v. Labor Pool of America, Inc.,* 228 Ga. 147 (2) (184 SE2d 572).

*Judgment reversed. Smith and Banke, JJ., concur.*

ARGUED OCTOBER 12, 1977 — DECIDED NOVEMBER 19, 1977.

*Kehir & Baker, Paul H. Kehir,* for appellants.
*Carnes & White, James A. White, Jr.,* for appellee.