59626. BRIARCLIFF COMMUNICATIONS GROUP, INC. v. ASSOCIATED PRESS.

BANKE, Judge.
This is an action filed by The Associated Press to collect for the breach of two contracts executed by the defendant, Briarcliff Communications Group, Inc., on a news service and membership contract and the other a wirephoto contract. The defendant appeals from an order granting The Associated Press partial summary judgment as to liability and damages. The Associated Press is a

non-profit, New York corporation which is engaged in the business of gathering and disseminating news and literary property to its members. It has not registered with the Secretary of State to do business in Georgia in accordance with Code Ann. § 22-3201. Normally, such failure to register by a foreign corporation doing business in this state would be a bar to its right to sue in our courts. See *ABR Metals & Svcs., Inc. v. Roach-Russell, Inc.,* 135 Ga. App. 193 (217 SE2d 447) (1975) (construing the sister statute for regular business corporations, Code Ann. § 22-1401). The issue before us is whether the interstate nature of the plaintiff's business renders it exempt from the statutory registration requirement by virtue of the supremacy of the commerce clause of the United States Constitution. *Held:*

A foreign corporation may avail itself of the opportunity to sue in our courts without the necessity of complying with the registration statute if the transaction sued upon "is exclusively or dominantly interstate in nature . . . Sioux Remedy Co. v. Cope, 235 U. S. 197 (1), [35 SC 57, 59 LE 193] supra; Furst v. Brewster, 282 U. S. 493 (5) [51 SC 295, 75 LE 478] supra; Allenberg Cotton Co. v. Pittman, 419 U. S. 20, 34 (2b) (95 SC 260, 42 LE2d 195). However, where the local activities of the foreign corporation are not merely ancillary to the interstate features, but constitute a substantial local and domestic business separate from its interstate business, the foreign corporation must comply with the state statute. Union Brokerage Co. v. Jensen, 322 U. S. 202 (64 SC 967, 88 LE 1227); Eli Lilly Co. v. Sav-On-Drugs, Inc., 366 U. S. 276 (81 SC 1316, 6 LE2d 288); Hayes Wheel Co. v. American Distributing Co., 257 F 881 (2) (6th Cir. 1919), cert. den. 250 U. S. 672 (40 SC 12, 63 LE 1200)." *DeKalb Cablevision Corp. v. Press Assn.,* 141 Ga. App. 1, 3 (232 SE2d 353) (1977).

The only service which the foreign corporation provided to the defendant in the *DeKalb Cablevision* case consisted of the daily transmission of a news summary from New York to the defendant's business in Georgia. In holding that the corporation was entitled to bring suit without complying with the registration statute, this court placed great reliance on Star-Chronical Pub. Co. v. United Press Assn., 204 F 217 (8th Cir. 1913), cert. den. 232 U. S. 721 (34 SC 329, 58 LE 814). In that case, the only substantial activity performed by the foreign corporation in the forum state was the transmission of world news there from outside the state, an activity which was clearly interstate in nature. Similarly, in the case before us now, there can be no doubt that the news and wirephoto services provided by The Associated Press are interstate in nature insofar as they relate to the transmission of news gathered from outside of

Georgia. However, it also appears from the record that the plaintiff operates a substantial intrastate news gathering service in Georgia. When asked on deposition to describe the nature of the discussions leading up to the signing of the contracts, the plaintiff's then regional representative in Atlanta testified as follows: "It would just be to point out what The Associated Press was doing in Georgia as far as news coverage, a superior coverage from around the city and around the state . . ." He further indicated that this news service was separate and apart from the national and international news service. Under these circumstances, we cannot conclude as a matter of law that the plaintiff's local activities were merely ancillary to its interstate functions. Rather, it appears from the record that the local news operation may have constituted a substantial business separate from the plaintiff's interstate business. Thus, we hold that the trial court erred in granting partial summary judgment in favor of the plaintiff.

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED APRIL 7, 1980 —
REHEARING DENIED APRIL 18, 1980.

*John E. Dunlap,* for appellant.
*David R. Hendrick, Martin R. Salzman,* for appellee.