## 37757. GORRELL v. FOWLER et al.

WELTNER, Justice.

Application for interlocutory review was granted on the motion of Gorrell, a contractor, protesting the dismissal of his complaint against the Fowlers by the Superior Court of Catoosa County.

In 1972, Gorrell entered into a contract with the Fowlers whereby Gorrell agreed to do certain construction work. A dispute ensued, and Gorrell filed a complaint which ultimately went to jury trial. During the course of the trial, the Fowlers moved that his complaint be dismissed under the provisions of Ga. L. 1961, p. 480 et seq., presently codified as Code § 91A-6107, providing as follows: "No contractor who fails to register with the commissioner as required by this Chapter or to comply with any of the provisions of this Chapter shall be entitled to maintain an action to recover payment for performance on the contract in the courts of this State." The statute as presently codified is identical to that in force on the date of the original contract and the institution of the present action.

The trial court heard testimony from Gorrell to the effect that he resided in the State of Tennessee; that his contracting business was located in the State of Tennessee; that he was licensed by the authorities of the State of Tennessee; that he had not registered with the Georgia authorities as required by the aforesaid Act. The trial judge thereafter granted the Fowlers' motion to dismiss based upon Gorrell's failure to comply with Code Chapter 92-4, et seq., (now repealed) and issued a certificate of immediate review.

Gorrell raises several substantive points in his enumeration of errors, which we will treat seriatim.

1. Gorrell contends that the trial court erred in permitting the Fowlers to assert a defense under Code Chapter 91A-61, when that defense was not specially pleaded, and was first raised during the trial of the case. The Civil Practice Act (Code Ann. Title 81A) sets forth a limited number of defenses which must be pleaded specially, including capacity. Code Ann. § 81A-109 (a). We will not extend, by implication, the requirements of the Civil Practice Act, thereby beginning the long trek backward into the labyrinth of common law

pleading, from which we have so recently escaped. See Code Ann. § 81A-101. The defense was properly raised.

2. Gorrell contends that Code § 91A-6107 is inapplicable to an action in *quantum meruit.* A simple reference to the language of the statute is sufficient to dispose of this enumeration. In no way could we interpret the language "no contractor . . . shall be entitled to maintain an action to recover payment for performance on the contract. . . ." in so restrictive a manner. This enumeration is without merit.

3. Gorrell contends that the trial court erred in refusing to submit to the jury the question whether he was a non-resident within the meaning of the applicable code section. Gorrell stated under oath that he maintained his home and office in the State of Tennessee and that all of his business records and reporting requirements were conducted under the laws of the State of Tennessee. Under this evidence, the trial court correctly made the factual determination as to non-residency, and no jury issue was raised by the evidence. Code Ann. § 81A-150 (a); *Top Quality Homes v. Jackson,* 231 Ga. 844 (204 SE2d 600) (1974).

4. Appellant contends that the trial court denied him the opportunity to introduce further evidence relative to his non-residency, in an effort to mitigate testimony, outlined above, given on the prior day, on the ground that to do so would be to impeach his own testimony. Obviously, a party may not offer evidence to impeach his own witness absent surprise or entrapment. Code Ann. § 38-1801. The trial court has discretion in this matter, and his determination that such testimony would be impeaching is no abuse of that discretion. This enumeration is without merit.

5. Gorrell contends that the Georgia statute is unconstitutional as violative of the United States and the Georgia Constitutions in five particulars. However, the constitutional objections raised in the trial were, with one exception, mere conclusions, without in any way setting forth the particularities of any alleged fatality. "One who calls in question the constitutionality of a law must in his pleadings distinctly and clearly point out in what respect the law is violative of the Constitution. *Laffitte v. Burke,* 113 Ga. 1000 (39 SE 433); *Scott v. State,* 187 Ga. 702 (4) (2 SE2d 65)." *Haber v. Fulton County,* 124 Ga. App. 789, 791 (186 SE2d 152) (1971). Notwithstanding, we have reviewed the statute and find that it is not unconstitutional under any of Gorrell's theories. The appellate courts of our state have upheld similar disabilities relative to non-residents falling in different categories, such as foreign corporations (Code Ann. § 22-1421 (b); *Metric Steel Co. v. BLI Const. Co.,* 147 Ga. App. 380 (249 SE2d 121) (1978); *National Heritage Corp. v. Mount Olive Memorial*

*Gardens,* 244 Ga. 240 (260 SE2d 1) (1979)), and real estate brokers (Code Ann. § 84-1404 (a); *Northside Realty Assoc. v. MPI Corp.,* 245 Ga. 321 (265 SE2d 11) (1980); *Keenan Co. v. Pamlico, Inc.,* 245 Ga. 842 (268 SE2d 334) (1980)).

The non-resident contractor statute applies only to contracts in excess of $10,000 which are to be performed within this state. The registration fee is but $10.00, the principal purpose of the statute being to require that a bond be posted to insure payment of unemployment contributions which are the responsibility of the contractor. Manifestly, the Act is not designed to discriminate *against* non-resident contractors, but to bring them into a parity with resident contractors relative to the compliance with an important obligation under the Georgia Employment Security Law.

In striking down an Alaska statute which required non-residents to pay ten times more for a commercial fishing license than residents, the United States Supreme Court stated that "[l]ike many other constitutional provisions, the privileges and immunities clause is not absolute. It does bar discrimination against citizens of other States where there is no substantial reason for the discrimination beyond the mere fact that they are citizens of other States. But it does not preclude disparity of treatment in the many situations where there are perfectly valid independent reasons for it. Thus the inquiry in each case must be concerned with whether such reasons do exist and whether the degree of discrimination bears a close relation to them. The inquiry must also, of course, be conducted with due regard for the principle that the States should have considerable leeway in analyzing local evils and in prescribing appropriate cures." Toomer v. Witsell, 334 U. S. 385, 396 (68 SC 1156, 92 LE 1460) (1948); see Canadian Northern R. Co. v. Eggen, 252 U. S. 553 (40 SC 402, 64 LE 713) (1920); Ownbey v. Morgan, 256 U. S. 94 (41 SC 433, 65 LE 837) (1921);Hawes v. Club Ecuestre El Comandante, 535 F2d 140 (1st Cir. 1976); Brewster v. North Am. Van Lines, 461 F2d 649 (7th Cir. 1972); see also *DeKalb Cablevision Corp. v. Press Assn., Inc.,* 141 Ga. App. 1 (232 SE2d 353) (1977); *Winston Corp. v. Park Electric Co.,* 126 Ga. App. 489 (191 SE2d 340) (1972).

These enumerations are without merit.

6. Gorrell contends that the Act is violative of his "right to prosecute or defend his own cause in any of the courts of this State, in person, by attorney, or both." 1976 Ga. Const., Art. I, Sec. I, Par. IX; Code Ann. § 2-109. This enumeration is without merit, as the same attack might logically lie against innumerable provisions of law (such as the Statute of Limitations) which define the rights of litigants.

7. The other enumerations of error, including those relative to waiver and estoppel, are without merit.

Accordingly, the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur, except Jordan, C. J., and Smith, J., who dissent.*

DECIDED JANUARY 6, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*Cotton, Katz, White & Palmer, J. Michael Lamberth,* for appellant.

*Frank M. Gleason, John W. Davis, Jr.,* for appellees.