42385. BLACKSTON v. STATE OF GEORGIA, DEPARTMENT OF NATURAL RESOURCES.
(334 SE2d 679)

MARSHALL, Presiding Justice.

This is an action filed by the appellant-plaintiff, Blackston, pursuant to OCGA § 27-1-21 for the return of the proceeds of shrimp seized from the appellant by the appellee-defendant, Game and Fish Division of the Department of Natural Resources (DNR), on the ground that the shrimp had been taken by the appellant in violation of the wildlife laws and regulations of this state. OCGA § 27-1-21 et seq. (Game and Fish Code). The trial court granted the appellee's motion to dismiss on the ground that this action was not filed within 30 days of the seizure, as required by OCGA § 27-1-21, supra. For reasons which follow, we affirm.

The ownership of wildlife is declared to be in the state. OCGA § 27-1-3 (a). "Wildlife" is defined as "any vertebrate or invertebrate animal life indigenous to this state or any species introduced or specified by the [Board of Natural Resources] and includes mammals, birds, fish, amphibians, reptiles, crustaceans, and mollusks or any part thereof." OCGA § 27-1-2 (77). "[N]o property right shall be created in wildlife as defined by Code Section 27-1-2." OCGA § 44-1-8 (b). OCGA § 27-1-3 (b) provides, "To hunt, trap, or fish, as defined in

this title, or to possess or transport wildlife is declared to be a privilege to be exercised only in accordance with the laws granting such privilege . . . Any person who hunts, traps, fishes, possesses, or transports wildlife in violation of the wildlife laws and regulations violates the conditions under which this privilege is extended; and any wildlife then on his person or within his immediate possession are deemed to be wildlife possessed in violation of the law and are subject to seizure by the department pursuant to Code Section 27-1-21."

OCGA § 27-1-21 (a) provides, "Conservation rangers, sheriffs, and other peace officers of this state or any political subdivision thereof shall seize any wildlife taken or possessed in violation of the wildlife laws and regulations of this state. Such wildlife shall be sold or disposed of in such manner as the commissioner may direct, in conformance with any rules and regulations promulgated by the board, at any time after the expiration of 30 days following the seizure, unless the owner thereof or the person in possession at the time of the seizure files a civil action against the State of Georgia, Department of Natural Resources, within 30 days following the seizure, in the state or superior court having jurisdiction in the county where the seizure was made. The person filing the action shall have the burden of proof, and the action shall be tried as other civil cases in such court. Items for which such an action has been filed shall be held pending the resolution of the action, provided that reasonable charges for storage shall be paid by the person filing the action in the event that such person does not prevail in the action." OCGA § 27-1-21 (b) provides, "If the wildlife seized is perishable or if by its nature, size, or quantity it cannot be humanely, conveniently, or economically stored, held, or contained, the commissioner may at any time order that it be disposed of and the proceeds, if any, held in escrow for 30 days following such seizure. If the owner thereof or the person in possession at the time of seizure files an action pursuant to this Code section, the action will be for the return of the proceeds, if any, and the proceeds will be held in escrow until final disposition of the action. If no such action is filed, the proceeds shall be paid into the state treasury."

Here, the shrimp were seized by DNR conservation rangers on October 2, 1983, and they were sold the following day, October 3. On November 2, 1983, 31 days after the shrimp had been seized, the appellant filed the present complaint for return of the proceeds from the sale of the shrimp. In its answer to the complaint, the appellee sought dismissal of the complaint on the ground that this action was not filed within 30 days of the seizure of the shrimp, as required by OCGA § 27-1-21, supra. The appellant filed a brief in response to the appellee's motion to dismiss, which was served on the appellee. In this brief, the appellant argued: (1) The "30 days" referred to in § 27-1-21

(b) refers to the disposal of the seized wildlife or proceeds thereof and not to the length of time the possessor has to file a civil action. (2) If the "30 days" in § 27-1-21 (b) refers to both the disposition of the proceeds and the time for filing the civil action, then the statute is ambiguous and should be construed in favor of the appellant. (3) If § 27-1-21 (b) requires the owner or possessor to file an action within 30 days following the seizure, then the statute violates due process, because of the ambiguity in the statute and because the statute fails to provide the owner or possessor with notice and an opportunity to be heard.

The trial court granted the appellee's motion to dismiss on the ground that the appellant's complaint was not filed within the 30-day period following seizure of the shrimp. As to appellant's constitutional challenge to the appellee's interpretation of the statute, the trial court ruled as follows: "The claim of unconstitutionality must be raised in the complaint, or at least by amendment, but it is not properly raised for the first time in opposition to a motion to dismiss. 'One who calls in question the constitutionality of a law must *in his pleadings* distinctly and clearly point out in what respect the law is violative of the Constitution . . . An attack by brief is not the proper way to attack the constitutionality of a statute.' *Haber v. Fulton County*, 124 Ga. App. 789, 791-792 (186 SE2d 152) (1971). [Emphasis supplied.] In fact *Haber* also dealt with a motion to dismiss filed by the State of Georgia which was opposed by plaintiff on constitutional grounds, likewise, plaintiff's opposition to defendant's motion here does not properly raise the constitutional issue and is without merit."

1. In this appeal, the appellee has filed a motion to transfer the appeal to the Court of Appeals on the ground that no constitutional question is properly presented. By order, we have denied the motion to transfer, and we proceed to state our reasons for the denial.

In *Haber v. Fulton County*, supra, which was relied on by the trial court, it was held that the appellate court will not address a constitutional question unless it is raised in the trial court and passed on by the trial judge. In *Haber*, the plaintiff had filed a tort suit against multiple defendants, one of whom was Fulton County. The county filed a motion to dismiss, based upon the doctrine of sovereign immunity and the statute (OCGA § 36-1-4, former Code Ann. § 23-1502), which states that a county is not liable to suit unless made so by statute. In a brief in opposition to the county's motion to dismiss, the plaintiff attacked the constitutionality of the foregoing statute. The Court of Appeals, on motion for rehearing in *Haber*, held that there was not a sufficient attack on the constitutionality of the statute in that the plaintiff could not raise the point in her pleadings. The Court of Appeals held that, "One who calls in question the constitutionality of a law must in his pleadings distinctly and clearly point out in what

respect the law is violative of the Constitution. *Laffitte v. Burke*, 113 Ga. 1000 (39 SE 433); *Scott v. State*, 187 Ga. 702 (4) (2 SE2d 65). An attack by brief is not the proper way to attack the constitutionality of a statute." 124 Ga. App. at pp. 791-792.

"[T]he technicalities involved in raising constitutional questions have been relaxed, see *Grantham v. State*, 244 Ga. 775 (1979) . . ." *DeKalb County v. Post Properties, Inc.*, 245 Ga. 214, 218 (263 SE2d 905) (1980). However, "it is still required that: 'In order to raise a question as to the constitutionality of a "law," at least three things must be shown: (1) the statute or the particular part or parts of the statute which the party would challenge must be stated or pointed out with fair precision; (2) the provision of the Constitution, which it is claimed has been violated must be clearly designated; and (3) it must be shown wherein the statute, or some designated part of it, violates such constitutional provision.' *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773, 774 (95 SE2d 677) (1956)." (Footnote omitted.) Id. As further held in *Post Properties*, constitutional challenges must also be timely raised. Thus, in *Post Properties*, it was held that a constitutional attack on a zoning classification made for the first time in superior court was not timely. Similarly, in *Deller v. Smith*, 250 Ga. 157 (2) (296 SE2d 49) (1982), this court, in reliance on *Post Properties*, held that a constitutional attack made for the first time in a motion for rehearing before the Court of Appeals will not be considered by this court on certiorari. See also *Wallin v. State*, 248 Ga. 29 (1) (279 SE2d 687) (1981); *Worley v. Save Oil Co.*, 231 Ga. 227 (200 SE2d 896) (1973); *Lockaby v. City of Cedartown*, 151 Ga. App. 281 (259 SE2d 683) (1979).

Here, the appellant alleged in the complaint that his claim was being brought within the time allowed by the statute. The appellee moved to dismiss, based on a different construction of the statute. The appellant filed a brief in opposition to the motion to dismiss, arguing that the statute as construed by the appellee is unconstitutional. The brief was served on the appellee. Under these circumstances, the constitutional challenge has been made in a timely fashion, notwithstanding the fact that it has been made in a brief in opposition to a motion to dismiss rather than in a more formal manner through an amendment to the pleadings. And, assuming that where, as here, the complaining party complies with the other requirements enumerated in *Post Properties* for raising constitutional challenges, the constitutional challenge should be passed on by the trial court and is reviewable on appeal.

To the extent that *Haber v. Fulton County*, supra, conflicts with our decision herein, it is disapproved. Likewise, *Laffitte v. Burke*, supra, and *Scott v. State*, supra, which were relied on in *Haber*, are also disapproved to the extent that they conflict with the present de-

cision. However, it should be noted that *Laffitte* and *Scott* were both decided on the ground that in the pleadings in those cases, it was not clearly and distinctly pointed out in what respect the challenged laws were unconstitutional.

2. However, having held that the appellant properly raised his constitutional challenge to the statute as construed by the appellee, we now hold that the appellee's construction of the statute is correct and that the statute, so construed, is not unconstitutional.

To recapitulate, subsections (a) and (b) of OCGA § 27-1-21, supra, provide as follows: If the seized wildlife is not perishable, it can only be sold or disposed of after the expiration of 30 days following the seizure, unless a civil action is filed within 30 days following the seizure, in which case the party filing the civil action may have the items stored pending resolution of the action; if the wildlife is perishable, it may be disposed of at any time, and the proceeds will be held in escrow for 30 days following the seizure in the event an action for return of the proceeds is filed.

Construing these provisions of the statute together, it is clear that as to both perishable and nonperishable items, the civil action to recover the items themselves or the proceeds of the sale must be filed within 30 days of the seizure.

The statute is not unconstitutionally vague or ambiguous. See also *Price v. State*, 253 Ga. 250 (319 SE2d 849) (1984). Cf. *Bullock v. City of Dallas*, 248 Ga. 164 (281 SE2d 613) (1981).

And, under the previously cited statutory provisions, the ownership of wildlife is in the state. OCGA § 27-1-3 (a), supra. No property right is created in wildlife under the Game and Fish Code. OCGA § 44-1-8 (b), supra. For these reasons, we conclude that OCGA § 27-1-21, supra, comports with due process by granting the complaining party 30 days within which to file a civil action for return of the wildlife or the proceeds from the sale thereof.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 1985.

*Duffy, Feemster & Weston, Robert J. Duffy,* for appellant.
*Michael J. Bowers, Attorney General, Gregory W. Blount, Assistant Attorney General, Gordon R. Alphonso, Senior Attorney,* for appellee.