*F. S. Burney, solicitor,* contra.

---

## 1623.　ELLIS v. THE STATE.

A farm-laborer who sells soda-water and lemonade on only one Sunday is not guilty of violating the Sabbath day, within the terms of § 422 of the Penal Code; because such selling is not his business or ordinary calling; though if he sells on more than one occasion, it may thereby become one of his businesses and a part of his ordinary calling. "Those things which are repeated daily or weekly in the course of trade or business are parts of the ordinary calling of a man exercising such trade or business."

Accusation of misdemeanor, from city court of Dawson—Judge Edwards.　December 23, 1908.

Submitted January 26,—Decided February 9, 1909.

Gene Ellis, a farm-laborer, was convicted of a violation of § 422 of the Penal Code.　The accusation charged that on the 19th day of July, 1908, he did "unlawfully, on the Lord's day, pursue his business of selling soda-water, lemonade, and coca-cola,

the same not being a work of necessity or charity, and the same being done on Sunday." It is shown, by the testimony of two witnesses, that on Sunday, July 19, 1908, the defendant "stopped a wagon," containing two or three cases of soda-water and some lemonade, 135 yards from a colored church, and sold several bottles of soda-water and some lemonade, the soda-water being sold at five cents a bottle and the lemonade at five cents a glass. The defendant, in his statement to the jury, admitted selling the soda-water and lemonade as these witnesses had testified. He stated that his regular business was that of a farm-laborer, and that he never followed any other kind of business, and never sold any soda-water or lemonade on any other occasion than the one in question. Upon cross-examination the State's witnesses likewise testified that they knew the defendant to be a farm-laborer, never knew of his selling goods of any kind, or of his following any business or calling other than that of a regular farm-laborer, and never knew him to sell any soda-water or lemonade except on this one occasion. The defendant excepts to the judgment overruling his motion for new trial, and insists that under the undisputed evidence the verdict finding him guilty is contrary to law.

*W. H. Gurr,* for plaintiff in error.

*M. J. Yeomans, solicitor,* contra.

RUSSELL, J. (After stating the foregoing facts.)

We think that the court erred in overruling the motion for new trial. Section 422 of the Penal Code, which provides that "any person who shall pursue his business, or the work of his ordinary calling, on the Lord's day, works of necessity or charity only excepted, shall be guilty of a misdemeanor," is taken from the statute of 29 Charles II, c. 7, s. 1. It was first adopted in Georgia in 1762, and the language we have quoted above is the same as that employed in our ancient pre-revolutionary statute. The identical question now presented to us was not passed upon by the Supreme Court in *Scandrett* v. *State,* 124 *Ga.* 142 (52 S. E. 160) ; for Justice Beck, delivering the opinion of the court, said that it was unnecessary to decide "whether or not proof of a single sale on the Sabbath day would support a charge of violating the Penal Code, §422," inasmuch as the evidence in that case showed that the defendant had followed that business for several Sundays, and there was no evidence that he had any other business or calling.

All the evidence in the present case shows that the ordinary calling of the defendant was that of farm-laborer, and the witnesses testified that they never knew of his selling any soda-water or lemonade on any other occasion, Sunday or week-day. We think that the only business or work which is forbidden by §422 is that of one's ordinary calling. Of course the purpose of the law is to require citizens to rest from their usual vocations one day in seven, it being, within the experience and observation of all mankind, helpful to the general welfare that there should be seasons of rest. Sunday was selected, no doubt, in view of the general observance of the Christian Sabbath; and, the great majority in the Colony of 1762 (as in England at the earlier date when the statute of Charles was passed) being Christians by profession, the stated day of rest was made coincident with the day of rest enjoined by the New Testament. But in the necessary and proper separation of church and State, the act of 1762, and §422 of the Penal Code, which is its successor, can not be treated as having been passed in aid of any particular religious denomination, in preference to others who do not recognize the first day of the week as their Sabbath. In the exercise of a wise care for the welfare of its citizens, the State had the right to set apart one day (or more if it saw proper) in each week as a time of rest and recuperation. The legislature could have fixed Monday as well as Sunday.

There are some considerations which would induce us to treat the language in §422 more broadly than we do, and to hold, if we could, that any work of any kind done upon Sunday, except works of necessity and charity, is contrary to law. But §422 is a penal statute, and, by the universal rule of construction, must be construed strictly against the State, and in favor of the citizen. And under this rule of construction it is clear that no matter how immoral it may be to work on the Lord's day, no such work is criminal unless it be the work of one's ordinary calling. This is the view taken of the original statute of Charles II by the English courts; and while some of the decisions may not be binding, they are authority that any one may consult with profit. The Supreme Court also, in a number of cases, has defined the meaning of "ordinary calling," in the statute, to be a business in which one is at least partly engaged, a business which occupies a portion of one's

time as a calling, and has excluded from the terms "business" and "ordinary calling" those instances where a person engages upon one occasion in a business not connected with his ordinary calling. In *Hayden* v. *Mitchell,* 103 *Ga.* 440 (30 S. E. 287), Justice Little cites approvingly from several of the earlier expositions of the English courts, and holds that our statute applies solely and exclusively to the pursuit of one's ordinary business or calling. In the *Hayden* case the Supreme Court granted permission to review the earlier case of *Sanders* v. *Johnson,* 29 *Ga.* 526, and, after reviewing it, approved and reaffirmed the ruling in that case. In *Reed* v. *State,* 119 *Ga.* 562 (46 S. E. 837), the defendant had several occupations, and the conviction was sustained because the occupation which she carried on on Sunday was shown to have been carried on for five or six months, and to have been as much her occupation as any of the others in which she was engaged. In that case, however, Justice Lamar, delivering the opinion of the court, adopts the ruling in Rex *v.* Inhabitants of Whitnash, 7 Barn. & C. 602 : "Those things which are repeated daily or weekly in the course of trade or business are parts of the ordinary calling of a man exercising such trade or business."

The defendant, Ellis, never sold anything before the Sunday in question, or on any day thereafter prior to the accusation; therefore his sporadic sale on the Sunday in question did not make him a vender of soda-water or lemonade, or indeed a tradesman of any kind. He was a farm-laborer. His conviction was unwarranted. No matter what may be our personal views, a construction different from that which for several centuries has been given to the law on this subject is not within the proper exercise of the power of this court. The legislature, however, has it within its power to prescribe a more stringent regulation upon the subject of Sunday observance, if it sees proper to do so.

*Judgment reversed.*