31987. MAYNARD *v.* THRASHER, State Auditor, *et al.*

DECIDED JUNE 5, 1948. REHEARING DENIED JUNE 18, 1948.

*H. O. Hubert Jr.,* for plaintiff.

*Eugene Cook, Attorney-General, Claude Shaw, Assistant Attorney-General,* and *Rubye G. Jackson,* for defendants.

FELTON, J. The sole question for determination is whether there exists an appropriation from which the refund sought can be paid. The defendants contend that since the General Assem-

bly did not specifically appropriate moneys from! which the refunds provided for under the act of 1947 (Ga. L. 1947, p. 1115) were to be paid, there is a constitutional prohibition upon the Auditor's issuance of the warrant under the provisions of the Constitution that "No money shall be drawn from the treasury except by appropriation made at law." Code (Ann. Supp.), § 2-1911. The petitioner contends that the refund should be paid under the provisions of the following statute: "There is hereby appropriated from the proceeds of every tax and license imposed by law a sum sufficient to refund to taxpayers any and all such taxes which may be determined to have been erroneously or illegally assessed and collected from such taxpayers under the laws of Georgia, whether paid voluntarily or involuntarily. . . . Such refunds shall be drawn from the treasury on warrants of the Governor issued upon itemized requisition showing in each instance the person to whom the refund is to be made, the amount thereof and the reason therefor." Code (Ann. Supp.), § 92-8436 (a) (Ga. L. 1937-38, Ex. Sess., p. 77, 94; Ga. L. 1945, pp. 272, 274).

In 1947 the General Assembly amended the Motor Fuel Tax Act by adding Code § 92-1407E. Subsection 2 of that amendment provides that when certain conditions have been complied with (and compliance with those conditions is not in issue) "The Commissioner of Revenue shall determine the amount of the refund due on such application, and . . shall thereupon draw a warrant for such certified amount on the Treasurer . . in favor of the person claiming such refund, and the Treasurer of the State shall thereupon make payment of same to such applicant." The petitioner readily admits that the General Assembly did not make a specific appropriation of moneys from which the refunds were to be drawn, but contends that since it is to be assumed that the General Assembly would not pass a useless act and that the legislature did provide for the certification of the refunds to the State Auditor by the Commissioner of Revenue and did provide that the Auditor should draw warrants on the Treasurer in favor of the persons claiming the refunds, it evidently was the intention of the legislature that these refunds were to be paid under the refund provision of the Administration of Taxing Laws Act of 1937-38, quoted above. Several reasons occur to us why it

can not be said that the legislature had such an intention. The two statutes are not to be construed together. They are not *in pari materia.* "Statutes in pari materia are those which relate to the same person or thing or the same class of person or thing, or which have a common purpose." 59 C. J. § 620, p. 1042. The refunds provided for under the act of 1937-38 are to be made to *taxpayers.* The retailer, like the distributor, of gasoline, is not a taxpayer in his capacity of collecting the motor-fuel taxes and turning them over to the Commissioner of Revenue. Code (Ann. Supp.), § 92-1403 (Ga. L. 1943, p. 339) provides: "it being the purpose and intent of this provision that the tax levied under the provisions of this Chapter [Motor Fuel Tax] is in fact a levy on the consumer, and the levy on distributors [and/or retailers when made to apply to them] as specified in said Chapter is merely as agent of the State for collection of said tax." The act of 1937-38 provides for refunds to taxpayers. Obviously the two statutes can not be construed together on the basis of applying to the same class of persons. Further the act of 1937-38 provides for the refunding of taxes which have been erroneously or illegally assessed and collected." Even were we to assume that the plaintiff retailer was a taxpayer, it could not be said that the tax had been either erroneously assessed or collected. The statutes can not then be construed together on the ground that they seek a common purpose. We might point out here, as the Attorney-General has done in his opinion, that the reason the distributor is able to be paid for his service in collecting the tax is that the provision under which the distributor was granted his compensattion states that *before* paying the money over to the Revenue Commissioner (formerly to the Comptroller-General) the distributor is permitted to deduct "one percent [of the tax] to cover losses and expenses incurred in collecting the tax for the State." Code, § 92-1407 (C). Although we think what we had said above clearly demonstrates the impossibility of paying the refund sought by the plaintiff under the act of 1937-38, we shall go one step further and point out one irreconcilable conflict between the act of 1937-38 and the act of 1947. The act of 1937-38 states that the refunds provided for therein shall be payable upon warrants drawn by the Governor, whereas the act of 1947 provides that the refunds shall be payable upon warrants drawn by the

State Auditor. Certainly the legislature intended no such confusion of duties. We can only conclude, regrettable as it may be, that there exists no appropriation from which the plaintiff may obtain payment of the refund sought. It may well be that the legislature will remedy this situation. The courts can not. Since both the plaintiff and the defendant have conceded that the sole controversy involved in the case was the existence of an appropriation from which the refund could be paid, what we have said above makes it unnecessary to delve into the question of whether or not the Auditor should have performed the duty imposed upon him of drawing the warrant. Had he drawn the warrant it could not have been honored in view of the constitutional prohibition against drawing money from the treasury in the absence of an appropriation.

Consequently, the court did not err in sustaining the demurrers to the petition seeking a declaratory judgment against the Revenue Commissioner and the State Auditor, and in dismissing the case.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*