40386. BROWN v. CITY OF ALBANY.
40387. BARTLETT v. CITY OF ALBANY.

DECIDED NOVEMBER 14, 1963.

*H. G. Rawls*, contra.

FRANKUM, Judge. The defendants were convicted in the Recorder's Court of the City of Albany of violating Chapter 14, Section 9, of the Code of the City of Albany which reads as follows: "Distributing handbills, circulars and so forth. It shall be unlawful for any person to throw, cast or distribute, or cause or permit to be thrown, cast or distributed, any handbill, circular, card, booklet, placard or other advertising matter whatsoever in or upon any street or public place, or in a front yard or courtyard, or on any stoop or in the vestibule or any hall of

any building or any letter box therein within the corporate limits of the city; provided, that nothing contained in this section shall be deemed to prohibit or otherwise regulate the delivery of any such matter by the United States Postal Service, or prohibit the distribution of sample copies of newspapers regularly sold by the copy or by annual subscription; provided further, that this section shall not be deemed to prevent the lawful distribution of anything other than commercial or business advertising matter. Any person violating any of the provisions of this section shall be punished as provided in Section 4, of Chapter 1. (Ordinance No. 1379.)" Their petitions for certiorari, assigning error on the judgments finding them guilty on the ground that they were contrary to the law and the evidence, were sanctioned and, after coming on to be heard, were denied and dismissed, and they assign error on those judgments.

The evidence showed the following material facts: The defendant Brown was a resident and citizen of Albany and was an employee of the Viking Distillery, Inc. The defendant Bartlett was an employee and representative of the International Brotherhood of Firemen and Oilers AFL-CIO, a labor organization, and was a citizen of Georgia. On May 2, 1962, Brown and Bartlett were standing in a public street in the City of Albany in front of the Viking Distillery and were passing out handbills to employees of the distillery as they left the premises at the end of their day's work. The matter being passed out by them consisted of three documents, one being a printed pamphlet entitled: "Your Secret Weapon—Your Secret Ballot" which contained, in words and pictures, a description of the manner in which a NLRB election is generally held; the second, a document addressed to "Viking Workers," advancing arguments as to why they should vote in favor of the union in a pending representation election; and the third, purporting to contain extracts from "A Minister's Great Sermon on Unions." These documents were offered to each employee as he passed through the gates to the public street. If the employee refused to take the documents, the defendants retained possession of them. None of these documents were thrown or dropped by the defendants onto the street, and the defendants were not charged with littering the streets.

The ordinance which the defendants are charged with having violated plainly states that it is not intended "to prevent the lawful distribution of anything other than commercial or business advertising matter." "Commerce" is "business intercourse; the exchange or buying or selling [of] commodities." As used in the ordinance "business" relates to mercantile transactions and to the buying and selling of commodities. People ex rel. Greenberg v. Healy, 74 NYS2d 102, 104; cf. *Jones v. Johnson,* 80 Ga. App. 340, 342 (55 SE2d 904). The matter which the defendants were shown to have been distributing was not commerical or business advertising matter as used in the ordinance, and the evidence did not, therefore, authorize the conviction of the defendants. The petitions for certiorari and the exhibits thereto showed that the convictions were unauthorized, and the judge of the superior court erred in denying and dismissing them.

*Judgments reversed. Nichols, P. J., and Jordan, J., concur.*