40982.   UNDERCOFLER, Commissioner v. L. C. ROBINSON & SONS, INC.

DECIDED FEBRUARY 26, 1965—REHEARING DENIED MARCH 25, 1965.

*Eugene Cook, Attorney General, William L. Harper, Assistant Attorney General,* for plaintiff in error.

*Henry N. Payton,* contra.

BELL, Presiding Judge. █ The main question for determination in this case is whether the specific exception of a certain type of vehicle from the general definition of motor carriers within the provisions of *Code Ch.* 68-5, a regulatory statute, is to be read into the terms of *Code Ann.* § 92-2902, a vehicular licensing statute.

Under *Code Ann.* § 92-2902, which provides for the licensing of the operation of vehicles, two of the classes of vehicles for which license fees are prescribed are "private trucks" (*Code Ann.* § 92-2902 (3)) and "trucks used as common or contract carriers" (*Code Ann.* § 92-2902 (10)). The schedules of fees for both these classes are graduated "in accordance with owner declared gross vehicle weight." For weights in excess of 24,000 lbs. the license fees for trucks used as common or contract carriers are much higher than the license fees for private trucks.

A private truck is defined as "a truck or trailer, as previously defined, other than a farm truck or a farm trailer, as previously defined and other than a truck or trailer operated for hire by a common or contract carrier." *Code Ann.* § 92-2901 (F). The term "common or contract carrier" is not defined in Ga. L. 1960, p. 998 (*Code Ann.* §§ 92-2901 to 92-2921, 92-9911).

*Code Ann.* § 68-502 (C) provides: "The term 'motor carrier' means every person except common carriers, owning, controlling, operating, or managing any motor-propelled vehicle . . . used in the business of transporting persons or property for hire over any public highway in this State and not operated exclusively within the corporate limits of any city or town: Provided, that the term 'motor carrier' shall not include and this Chapter shall not apply to: . . . (8) Any dump truck or transit

mixer vehicle used exclusively in the transportation of sand, gravel, crushed stone, fill dirt, borrow pit materials, plant mix road materials, plant mix concrete, or road base materials, to be used in the construction, reconstruction, or maintenance of public highways . . . when payment for such tansportation is made by the United States, this State, or any county or municipality or other governmental subdivision of this State, or where payment is made by any contractor performing such public work under contract with any such government, and when such truck or vehicle transports such materials for a distance not exceeding 50 miles."

In the construction of a statute, all laws in pari materia should be considered in order to ascertain the intention of the legislature. *Harrison v. Walker,* 1 Ga. 32. "Statutes in pari materia are those which relate to the same person or thing, . . . or which have a common purpose." *Maynard v. Thrasher,* 77 Ga. App. 316, 319 (48 SE2d 471). Insofar as both *Code Ann.* §§ 92-2902 and 68-502 relate to motor contract carriers they are in pari materia.

However, this without more does not necessarily inflict upon *Code Ann.* § 92-2902 (10) the definition of motor carriers used by *Code Ann.* § 68-502. "Statutes in pari materia may not be resorted to where the language of the statute under consideration is clear." See *Ryan v. Commissioners of Chatham County,* 203 Ga. 730, 732 (48 SE2d 86); *Standard Oil Co. v. State Revenue Commission,* 179 Ga. 371, 375 (176 SE 1); *State Revenue Commission v. Alexander,* 54 Ga. App. 295, 296 (1) (187 SE 707); 82 CJS 813, Statutes, § 366 (b). Cf., *Oxford v. Carter,* 216 Ga. 821, 823 (120 SE2d 298). Under *Code* § 102-102 (1) the term "common or contract carrier" should be given its ordinary signification in construction of *Code Ann.* § 92-2902 (10). *Thompson v. Georgia Power Co.,* 73 Ga. App. 587, 596 (37 SE2d 622).

In this context we are not concerned with the distinction between the two kinds of carriers, common carriers and contract or private carriers. As the license-fee schedule is the same for both common and contract carriers, the essential problem is whether the company is a "carrier." Carrier is defined as "One undertaking to transport persons or property . . .; or one

employed in or engaged in the business of carrying goods for others for hire" (Black's Law Dictionary, 4th Ed. (1951), p. 269) ; "an individual, partnership,. corporation, or any organization engaged in transporting passengers or goods for hire by land, water or air" (Webster's Third New International Dictionary, 1961, p. 343). If the company is engaged in business within this definition, then it must be considered a common or contract carrier as intended by *Code Ann.* § 92-2902 (10) which is not rendered ambiguous by the omission to define a term of common use. *Thompson v. Georgia Power Co.*, 73 Ga. App. 587, supra.

Of persuasive import is the fact that the legislature saw fit to make certain exceptions to the general definition of motor carrier in *Code Ann.* § 68-502 (c). These exceptions, such as in *Code Ann.* § 68-502 (c 8) excluding "Any dump truck or transit mixer, etc." amount to an indication by the legislature that the excluded vehicles, but for the specific exception, would fall within the general definition of motor carriers. If, then, *Code Ann.* §§ 68-502 (c) and 92-2902 (10) were to be construed in pari materia, we nevertheless would be impelled to consider the excluded vehicles as carriers under *Code Ann.* § 92-2902 (10). The factors determining the varying amounts of motor vehicle license fees under *Code Ann.* § 92-2902 are vastly different from those which necessitate controls over carriers under *Code Ch.* 68-5.

The trial judge misconstrued the Code section discussed here.

■ The stipulated evidence is sketchy and includes much irrelevant matter. It is clear, however, that the primary purpose for which the company's vehicles are used is "carrying goods for others for hire"; that this is the company's regular business; and that it is therefore a carrier within the meaning of *Code Ann.* § 92-2902 (10). The evidence demands this conclusion. By emphasizing its activity in "spreading or depositing" the materials hauled, the company contends that it is a road-builder rather than a carrier. However, the unloading of goods hauled is but an incident of transporting them, and the particular manner of unloading the material transported is merely an incident of carrying the particular type of goods in which the company specializes.

The judgment of the trial court is reversed with directions to

enter judgment in accordance with the holdings stated in this opinion.

*Judgment reversed with direction. Jordan and Eberhardt, JJ., concur.*