## 50753. HINSON v. GEORGIA STATE BOARD OF DENTAL EXAMINERS.

BELL, Chief Judge.
The appellant, a licensed dentist, after a hearing, was found guilty by the appellee board of a violation of the statutory prohibition against soliciting dental business and was suspended from practice for thirty days. The hearing was conducted under the provisions of the Georgia Administrative Procedure Act. Code Ch. 3A-1. On judicial review, the superior court affirmed.

The facts are not in dispute. Appellant, according to his own testimony, opened a new office on Cleveland Avenue in Atlanta on the "Last of July, first of August," of 1973. In January 1974 he moved his downtown office from Forsyth Street to Marietta Street. In late January and early February, 1974 appellant caused the following notice to be placed in the Atlanta Voice which reads in part: "In addition to our new expanded facilities on Marietta Street, our southside office at 400 Cleveland

Avenue is now open to serve all of your dental needs." This announcement appeared under the heading of special notice but in the company of other commercial advertisements. *Held:*

1. Section 19 of the Administrative Procedure Act (Code Ann. § 3A-119 (c)) provides in part "No revocation, suspension, annulment, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency has sent notice by certified mail to the licensee of individual facts or conduct which warrant the intended action, and the licensee has been given an opportunity to show compliance with all lawful requirements for the retention of the license . . ." The contention is made that this statutory provision requires that the licensee is entitled to two hearings, an informal one for the purpose of "discovery and to explain the charges without the threat of a final decision" and a formal hearing where the issues are finally determined. The intent of this statute is to give a licensee a hearing, and an opportunity to be heard where he can demonstrate that at the time of the alleged violation he was in full compliance with the law. Appellant here was afforded a hearing where he endeavored to show that his conduct was lawful. He was entitled no other hearing under the statute.

2. The board of dental examiners has the authority and power to suspend the license of any dentist in Georgia for a period of not over twelve months if after a hearing the board finds the licensee by a majority vote of " . . . Soliciting dental business directly or indirectly by himself or through an agent, by the use of cards, letters, circulars, publications, pictures, radio, displays or signs: . . . and, Provided further that a licensed dentist may advise the public of the recent opening of his office, or a change of address of his office, or an absence from or return to his office or practice, either by mail, or in the social notice column or similar column of any publication." Code Ann. § 84-724 (4) (c). The appellant contends that the exception to the statute applies to his case as he only advised the public of the recent opening or change of address of his office. While it did announce a change of address from Forsyth Street to Marietta Street, it also additionally

announced that his "southside office was open." From the appellant's own testimony he admitted that the Cleveland Avenue office had been opened since the end of July, 1973. The approximate six months lapse from the opening of his Cleveland office to the date of the notice in the newspaper cannot be classified as a recent opening of his office. Does this conduct by the appellant constitute soliciting dental business? The statute does not define soliciting and apparently has not been judicially defined in Georgia. Words in statutes must be given their ordinary signification. Code § 102-102 (1). Solicitation is an ordinary word and not a word of art. It has been defined as to ask earnestly; to endeavor to obtain by asking or pleading; to entreat, implore or importune. Black's Law Dictionary, Revised 4th Edition, 1968, page 1564. The board found as a fact that this notice was an attempt by appellant to entice people to call at his "new expanded facilities" and at his Cleveland Avenue office which is "now open to serve all your dental needs." The board concluded that this clearly constitutes soliciting dental business. We agree. The evidence authorized the appellee board's findings of fact and conclusion of law and its decision must be affirmed. Code Ann. § 3A-120 (h). *Ga. Dept. of Human Resources v. Holland,* 133 Ga. App. 616 (211 SE2d 635).

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 2, 1975 — DECIDED JULY 16, 1975.

*Cotton, Katz & White, Edwin G. Russell, Jr.,* for appellant.

*Arthur K. Bolton, Attorney General, J. T. Lawler, Assistant Attorney General, Robert S. Stubbs, II, Chief Deputy Attorney General, Don A. Langham, Deputy Attorney General, Timothy J. Sweeney, Senior Assistant Attorney General, Harold D. Corlew, Staff Assistant Attorney General,* for appellee.