## 51526. HALEY v. GEORGIA STATE BOARD OF DENTAL EXAMINERS.

MARSHALL, Judge.

Appellant appeals from the affirmance by a superior court of the Georgia State Board of Dental Examiners' suspension of his license to practice dentistry in this state for a period of six months. This suspension was imposed upon appellant because of his alleged unprofessional conduct in soliciting dental business in violation of the governing statute. He appeals upon grounds that the evidence does not support a finding of solicitation of dental business nor were his acts in violation of the conduct specifically proscribed by the statute. *Held:*

1. Appellant introduced evidence which tended to indicate he had a strong interest in working with elderly, incapacitated dental patients, and particularly in nursing homes. Due to his early experiences in pre-dental, college work, he became aware of and sympathetic to the needs of such elderly persons. He was aware that many doctors and dentists are unable to or lack desire to go to nursing homes and care for such patients. As a result, appellant devised a plan which eventually he hoped would allow him to provide complete, mobile dental care. By means of a fully equipped dental van, he hoped to go to the residences of elderly dental patients. Appellant presented this plan to the then president of the Georgia Nursing Home Association. This official encouraged appellant in these efforts and mentioned several nursing homes in the Atlanta area

who had contacted this official in his capacity as president of their association, asking how they could obtain staff dentists. Appellant with his wife then went to three or four nursing homes mentioned by the president of the nursing home association, outlined his plans, and offered to become their staff dentist. Appellant was accepted as staff dentist in at least three of these homes and performed dental services therein. Appellant was not employed by any of the nursing homes but received his remuneration for services rendered directly from the patient or the patient's family.

Upon these facts, appellant contends he was referred to the nursing homes in question and consequently did not solicit dental business. Had appellant simply sought a staff position and offered his services to a nursing home as a professional employee, drawing his salary from the institution, his argument might have more vitality. This would have equated his position to a resident physician in a hospital or an attorney for a law firm or a corporate business. Appellant's approach to the nursing home, however, was nothing more than an entre to the individual patients. Rather than waiting for a professional society, such as a dental association or even the nursing home association, to recommend him as an eligible (and interested) dentist, along with any other, appellant sought to obtain patients by his own devices. Thus, he solicited patients and not a position. Regardless of how commendable his motives might have been, the evidence supports the conclusions of the Board of Dental Examiners as affirmed by the superior court that appellant was soliciting dental business. *Hinson v. Dental Examiners,* 135 Ga. App. 488, 490 (218 SE2d 162).

2. Appellant further complains, however, that even if he were soliciting, his solicitation was not in violation of Ga. L. 1937, p. 627; 1958, pp. 25, 27; 1972, pp. 843, 845; 1974, p. 532; 1974, pp. 1223, 1227 (Code Ann. § 84-724 (4)(c)). In substance, that Code section provides the Board of Dental Examiners may revoke or suspend the license of a dentist for "unprofessional dental conduct." Unprofessional dental conduct, inter alia, is defined as "[s]oliciting dental business directly or indirectly by himself or through an agent, by the use of cards, letters,

circulars, publications, pictures, radio, displays or signs . . ." Appellant concedes he provided written contracts or letters of acceptance to the three nursing homes involved but only after he had been accepted by them as a staff dentist and at their request so they could comply with pertinent state and/or federal regulations. In effect, appellant maintains that the statute prohibits only solicitation by the use of cards, letters, circulars, etc., whether these documents of publicity are presented directly or indirectly by himself or through an agent. He thus asserts that direct, personal oral solicitation is not prohibited.

We do not accept such an interpretation. We view the pertinent statute as prohibiting generally the acts of soliciting dental business. Thus, the statute, in our view, prohibits (1) the soliciting of dental business directly; and (2) the soliciting of dental business indirectly by the dentist or his agent by the use of any form of advertising except as authorized in the governing statute. Appellant does not contend his conduct fits within the statutory exception.

As we conclude that appellant did directly solicit dental business and that such conduct authorizes the Board of Dental Examiners to exercise its suspension powers, it follows there was no error committed by the superior court in affirming the suspension imposed by the dental board.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED JANUARY 5, 1976 — DECIDED<br>FEBRUARY 11, 1976.

*Hartley & Reid, George C. Reid,* for appellant.

*Arthur K. Bolton, Attorney General, Harold D. Corlew, Staff Assistant Attorney General,* for appellee.