## 53077. ZEIGER v. THE STATE.

Deen, Presiding Judge.

The defendant was convicted of a misdemeanor under Code § 68A-507 (b) relating to uniform rules of the road: "No person shall stand on a highway for the purpose of soliciting employment, business, or contributions from the occupant of any vehicle." His motion to dismiss contends that the statute, as applied to the facts of the case, unlawfully denies the personal rights of the defendant, especially freedom of speech, in contravention of the First and Fourteenth Amendment. By the defendant's evidence, he was standing on an access road running parallel to Interstate 85, at a point where it intersects with the driveway of a business establishment. He was selling or giving away newspapers or asking donations from passing motorists. (The evidence on the trial of the main case shows further that the road was paved and curbed, and that when a traffic officer arrived the defendant stepped back over the curb to the grassy corner of the intersection.) *Held:*

1. "Even where municipal or state property is open to the public generally, the exercise of First Amendment rights may be regulated so as to prevent interference with the use to which the property is ordinarily put by the State." Amalgamated Food Employees &c. v. Logan Valley Plaza, 391 U. S. 308, 320 (88 SC 1601, 20 LE2d 603, 613).

2. " 'Although a statute may be neither vague, overbroad, nor otherwise invalid as applied to the conduct charged against a particular defendant, he is permitted to raise its vagueness or unconstitutional overbreadth as applied to others. And if the law is found deficient in one of these respects, it may not be applied to him either, until and unless a satisfactory limiting construction is placed on the statute.' " Gooding v. Wilson, 405 U. S. 518, 521 (92 SC 1103, 31 LE2d 408), quoting Coates v. City of Cincinnati, 402 U. S. 611, 619 (91 SC 1686, 29 LE2d 214).

3. Applying the above rules of law, we are satisfied that if the interdicted action involved standing near, rather than *on* a highway, the defendant's position might

be well taken. We are also satisfied that while highways may legally be used by pedestrians for proper purposes (such as crossing, for example) their principal purpose is the expeditious movement of vehicular traffic, and regulations to that effect are generally upheld. In *Ashley v. City of Greensboro,* 206 Ga. 800, 804 (58 SE2d 815) the question at issue was the parking of vehicles at the side of the street and the court observed: "The use of streets for the purpose of parking automobiles is a privilege and not a right, and the privilege of parking must be accepted with such reasonable burdens as the city may impose as a condition for the enjoyment of that privilege." For a pedestrian to choose the paved area of a highway for a place to stand and transact his business, no matter how laudable the business itself might be, is certainly also a privilege rather than a right, and therefore subject to regulation by the state, which may if it deems proper forbid it entirely.

4. The mere fact that the defendant was exercising his First Amendment rights does not shield him from the observance of normal traffic regulations. The facts of this case show that the defendant was in fact standing *on* the highway while engaged in selling or giving away his newspapers, rather than at the side and out of the way of traffic. The fact that traffic did in fact have room to pass him without hitting him does not render the statute unconstitutional in its application.

*Judgment affirmed. Webb and Smith, JJ., concur.*

SUBMITTED NOVEMBER 2, 1976 — DECIDED NOVEMBER 18, 1976— REHEARING DENIED DECEMBER 1, 1976 —

*A. Glen Steedley, Jr.,* for appellant.
*Gary Davis, Solicitor,* for appellee.