## 60587. CROOK v. THE STATE.

SMITH, Judge.

Eugene E. Crook was tried by a jury and convicted of soliciting employment or business from the occupant of a vehicle in violation of Code Ann. § 68A-507 (b). He appeals, contending that the state failed to prove each essential element of the crime. We agree and, accordingly, reverse.

The undisputed facts show that appellant, the owner of Crook Paint & Body Shop, approached one Dukes, whose automobile had been damaged in a collision, and offered him a business card. Dukes was standing in the street some five or six feet behind his car talking to an investigating police officer. Dukes also received four or five business cards from other wrecker and repair companies, and never did any business with Crook. Appellant was cited for soliciting by officers at the scene and brought to trial.

"No conduct constitutes a crime unless it is described as a crime" by a statute of this state. Criminal Code 26-201. Code Ann. § 68A-507 (b) provides that "No person shall stand on a highway for the purpose of soliciting employment, business or contributions from the occupant of any vehicle." It is thus readily apparent that there are three elements essential of proof for a conviction of this offense: (1) that the person accused be "on a highway," (2) "for the purpose of soliciting," (3) "from the occupant of any vehicle." Crook declares that the third element was fatally absent here. The state argues that the fact that the driver from whom the appellant solicited business was not occupying his vehicle at that time does not change the purpose of the legislation, that is, to prevent solicitation on the highway.

Taking the state's argument one step further, however, we are

satisfied that the statutory purpose of preventing solicitation on the highway (and indeed the raison d'etre of all the regulations codified as "The Uniform Rules of the Road" (Code Ann. Title 68A)) is to promulgate the safe and expeditious movement of vehicular traffic on the highways. See *Zeiger v. State,* 140 Ga. App. 610 (3) (231 SE2d 494) (1976). The solicitation of the occupant of a vehicle on the highway is a conceded threat and impediment to the movement of vehicular traffic; the solicitation of a pedestrian not within the flow of the traffic is not.

The trial judge here refused to give appellant's requested charges, one defining the term "occupant of a vehicle" as a person who is inside the vehicle, and the other explaining the three elements of the offense. After an hour's deliberation the jury returned and asked the court to define "occupant of a vehicle." The judge replied, "I can't define that. It's never been decided by the Court of Appeals or the Supreme Court — you'll have to decide it on your own, and I can't furnish you with a dictionary because that would be extraneous matter, so you all will have to go back and determine it yourself." Shortly thereafter the jury returned a guilty verdict.

"One of the traditional functions of courts is to interpret and construe legislative enactments. Determining the intent of the legislative body by defining the ordinary or technical meaning of the terms it has used is commonplace. [Cits.]" *Bell v. Barrett,* 241 Ga. 103, 104 (243 SE2d 40) (1978). "Absent an adopted definition, the courts must determine the intended meaning." *Guhl v. Par-3 Golf Club,* 238 Ga. 43, 46 (231 SE2d 55) (1976). "It has always been the law that criminal statutes must be strictly construed against the state. [Cit.]" *Mitchell v. State,* 239 Ga. 3 (1) (235 SE2d 509) (1977).

The meaning of "occupant" has been judicially considered only in other contexts. See, e.g., *Prince v. Cotton States Mut. Ins. Co.,* 143 Ga. App. 512, 514 (239 SE2d 198) (1977), where it was determined that because the plaintiff was "occupying" a vehicle classified as a motorcycle he was not a pedestrian within the meaning of Code Ann. § 56-3402b (g); *Clinton v. Nat. Indemnity Co.,* 153 Ga. App. 491 (2) (265 SE2d 841) (1980), where a fireman was barred from recovery because he was not "occupying" the fire truck at the time of injury; *Roe v. Grimes,* 146 Ga. App. 297 (246 SE2d 332) (1978), affd. 242 Ga. 669 (251 SE2d 266) (1978). However, while all laws in pari materia should be considered in order to ascertain the intention of the legislature in construing a statute, this should not be done " 'where the language of the statute under consideration is clear.' [Cits.]" *Undercofler v. L. C. Robinson & Sons,* 111 Ga. App. 411, 414 (1) (141 SE2d 847) (1965), affd. 221 Ga. 391 (144 SE2d 755) (1965). "Where the language of a statute consists of common, ordinary words, and

there is nothing to show that any unusual meaning is to be attached thereto, the court cannot deny the language its ordinary, usual signification; nor is the court required to give the language a forced and strained interpretation. [Cits.]" *Sheffield v. Cotton States Mut. Ins. Co.,* 141 Ga. App. 861, 863 (234 SE2d 695) (1977). Accord, *Hinson v. State Bd. of Dental Examiners,* 135 Ga. App. 488, 490 (2) (218 SE2d 162) (1975).

The literal meaning of "occupant" is "one who occupies." Black's Law Dictionary (4th Ed.). To occupy specially is "to fill up," "to take or hold possession of," "to reside in." Websters's New Collegiate Dictionary (1976 Ed.). Examination of the term "occupying a vehicle" as used in the Georgia statutes pertaining to motor vehicles demands the conclusion that the language describes only persons actually inside (or mounted upon) a vehicle, particularly in light of the definition of *"any* person afoot" as a pedestrian. (Emphasis supplied.) Appellant's conviction cannot be sustained because Dukes, the person from whom Crook solicited business, was standing five or six feet from his car at the time Crook handed him the business card, and thus was not the occupant of a vehicle as contemplated by Code Ann. § 68A-507 (b). The state having failed to prove an essential element of the offense, the evidence was insufficient to support the verdict and a judgment of acquittal must be entered. Cf., *Hampton v. State,* 145 Ga. App. 642 (244 SE2d 594) (1978).

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

ARGUED SEPTEMBER 4, 1980 — DECIDED DECEMBER 5, 1980.

*J. Patrick Claiborne, William J. Cooney,* for appellant.
*Sam B. Sibley, Jr., Solicitor,* for appellee.