## 71457. ROBINSON v. THE STATE.
### (341 SE2d 497)

CARLEY, Judge.

Appellant was tried before a jury and convicted for violating OCGA § 40-6-98. The following provisions of OCGA § 40-6-98 are relevant to the resolution of the instant case: "No person shall stand in a roadway for the purpose of soliciting a ride. No person shall stand on a highway for the purpose of soliciting employment, business, or contributions from the occupant of any vehicle." OCGA § 40-6-98 (a) and (b). Appellant appeals from the judgment and sentence entered on the guilty verdict.

Appellant's sole enumeration of error is that the trial court erred in denying his motion for directed verdict of acquittal. The uncontradicted evidence is that appellant's alleged criminal behavior consisted of his standing in the roadway and passing out literature in support of a presidential candidate. This activity was certainly not the solicitation of "employment" for himself. The statute does not, however, specifically proscribe solicitation only for one's *own* employment. The initial question thus becomes whether appellant's activity can be characterized as a solicitation of "employment" for the political candidate he was supporting.

There is language which might ostensibly lend support to the notion that in a broad sense, appellant was soliciting for the purpose of "employment." " '[A]n office is an "employment". . . .' . . . 'An "office" is defined to be an employment on behalf of the government in any station of public trust not merely transient, occasional, or incidental.' " *Board of Education of Doerun v. Bacon*, 22 Ga. App. 72, 74 (95 SE 753) (1918). However, it has also been recognized that the concept of "employment," as it is ordinarily understood, does not include "public office." "[T]hough an employment may be created by law, it is not necessarily so, but is *often, if not usually, the creature of contract*. A public office, on the other hand, is never conferred by contract [but by law]." (Emphasis supplied in part and in original in part.) *Board of Education of Doerun v. Bacon*, supra at 75. In cases involving statutory construction, "the ordinary signification shall be applied to all words. . . ." OCGA § 1-3-1 (b). It would, therefore, appear that the "ordinary signification" of the word "employment" in OCGA § 40-6-98 is not so broad as to include "public office," but is limited in its meaning to "the existence of the relationship of master and servant. [Cit.]" *Griffin v. Hardware Mut. Ins. Co.*, 93 Ga. App. 801, 803-804 (92 SE2d 871) (1956). Moreover, "when a criminal statute is reasonably subject to two constructions, one of which would make an act criminal and one of which would not, such statute must be construed in favor of the accused and strictly against the State." *Carsello v. State*, 220 Ga. 90, 94 (137 SE2d 305) (1964). "Penal stat-

utes must be strictly construed, and they will not be given such a construction and interpretation as will make penal any act not therein plainly made penal and prohibited. [Cit.] Under this rule, penal statutes cannot be extended beyond their precise and plain provisions. [Cit.]" *State of Ga. v. Schafer*, 82 Ga. App. 753, 756 (62 SE2d 446) (1950). Accordingly, we are constrained to hold that appellant was not engaged in the act of soliciting "employment."

The evidence also would not authorize a finding that appellant was soliciting "business." " '[B]usiness' is a very comprehensive term and embraces everything about which a person can be employed; 'that which occupies the time, attention, and labor of men *for the purpose of a livelihood or profit.*' " (Emphasis supplied.) *Norman v. Southwestern R. Co.*, 42 Ga. App. 812, 816 (157 SE 531) (1930). Other definitions of "business" which have been adopted by Georgia courts are similar. " '[B]usiness' . . . signifies the employment or occupation in which a person is engaged to procure a living." *Brush Elec. &c. Co. v. Wells*, 110 Ga. 192, 198 (35 SE 365) (1899). Merely acting as a volunteer distributor of literature which informs the public of the candidacy of one running for political office does not constitute the conducting of "business" activity or solicitation for purposes of "business." See generally *Brown v. City of Albany*, 108 Ga. App. 647 (134 SE2d 566) (1963).

There was also no evidence adduced at trial that appellant was soliciting either contributions or rides from the passing motorists. Accordingly, his activity did not fall within any proscription of OCGA § 40-6-98. Compare *Zeiger v. State*, 140 Ga. App. 610 (231 SE2d 494) (1976), in which the appellant was "*selling* or giving away newspapers or *asking donations. . . .*" (Emphasis supplied.) The evidence being insufficient to support his conviction, the trial court erred in denying appellant's motion for a directed verdict of acquittal. Whether the mere distribution of political material is to become a criminalized act of solicitation within the proscription of OCGA § 40-6-98 is a matter for legislative determination. Under the applicable rules of statutory construction, "a construction different from that which [we reach in the instant case] is not within the proper exercise of the power of this court." *Ellis v. State*, 5 Ga. App. 615, 618 (63 SE 588) (1909).

*Judgment reversed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 17, 1986.

G. Terry Jackson, for appellant.
Gene K. Robinson, *pro se.*
Spencer Lawton, Jr., District Attorney, Laura Marcantonio, As-

*sistant District Attorney*, for appellee.