## 75365. CARVER v. THE STATE.
### (366 SE2d 314)

SOGNIER, Judge.

Appellant was convicted of standing on a highway for the purpose of soliciting business from the occupant of a vehicle, in violation of OCGA § 40-6-98 (b). On appeal he contends the trial court erred by denying his motion for a directed verdict of acquittal, based on insufficiency of the evidence.

The evidence disclosed that pursuant to a request from the Madison County sheriff's office, Greg Owen, a GBI agent, arrived at the town square in Danielsville, Georgia, about 7:35 a.m., March 14, 1987, to monitor activities of the Ku Klux Klan. Appellant and a few other members of the Klan had been passing out copies of the "Klansman" on the town square the preceding day, and were present when Owen arrived. Owen informed appellant that if he stepped into the street he would be arrested for violating OCGA § 40-6-98, and appellant stated that he understood. A few minutes later appellant walked toward an intersection and stood on the sidewalk. As a car with three young men approached, appellant stuck his arm in the air, the car stopped momentarily, and appellant handed one of the occupants a newspaper; Owen had followed appellant and arrested him immediately. Owen testified appellant's feet were in the roadway when he passed the paper to the car's occupant, but he saw no money exchange hands. Appellant testified and agreed basically with Owen as to what occurred; however, appellant denied stepping into the street when he gave the newspaper to the young man in the car. The "Klansman" newspaper being distributed was dated June-July 1985. The masthead showed a price of $1.00, and the back page contained a "coupon blank" application for membership.

OCGA § 40-6-98 (b) provides: "No person shall stand on a highway for the purpose of soliciting employment, business, or contributions from the occupant of any vehicle." We have held that "there are three elements essential of proof for a conviction of this offense: (1) that the person accused be 'on a highway,' (2) 'for the purpose of soliciting,' (3) 'from the occupant of any vehicle.' " *Crook v. State*,

156 Ga. App. 756 (275 SE2d 794) (1980). If the evidence fails to meet any one of these requirements, it is insufficient to sustain a conviction. In the instant case, even accepting Owen's testimony that appellant momentarily stepped into the roadway as true, there is no evidence that appellant was soliciting business, as alleged in the accusation; on the contrary, there is no evidence that he even spoke to the occupants of the vehicle, but merely handed them a copy of the newspaper. In this regard, we held in *Robinson v. State*, 177 Ga. App. 848, 849 (341 SE2d 497) (1986), that merely acting as a volunteer distributor of literature which informs the public of the candidacy of one running for public office does not constitute the conducting of a "business" activity *or solicitation* for purposes of "business." We find no distinction between passing out literature for a political candidate and passing out literature about the Ku Klux Klan which would make the latter activity fall in the category of soliciting "business," since "business" signifies the employment or occupation in which a person is engaged to procure a living. Id. The evidence disclosed that appellant was an employee of A T & T, and at the time of his arrest was acting as a volunteer, on his own time and without remuneration of any kind, in passing out copies of the "Klansman." Thus, he was not engaged in soliciting "business," as we have defined that term for the purpose of OCGA § 40-6-98, and we need not consider whether appellant was soliciting employment or contributions, because he was charged specifically with soliciting *business*, and nothing else.

Since the evidence is insufficient to support appellant's conviction, the trial court erred by denying his motion for a directed verdict of acquittal. *Robinson*, supra.

*Judgment reversed. McMurray, P. J., concurs in the judgment only. Beasley, J., concurs specially.*

BEASLEY, Judge, concurring specially.

I concur in the judgment but not in all that is written. OCGA § 40-6-98 (b) prohibits standing on a highway "for the purpose of soliciting . . . business." It is not confined to defendant's business or one for which he receives remuneration. It might be someone else's business, for which the solicitor is donating his own time and efforts. The solicitor's relationship to the business is not crucial; he need not profit. Rather what controls is whether the solicitation is for business.

DECIDED JANUARY 27, 1988 —
REHEARING DENIED FEBRUARY 12, 1988 —

*Sam G. Dickson, for appellant.*
*Lindsay A. Tise, Jr., District Attorney, Francis J. George, Assis-*

*tant District Attorney*, for appellee.