### 77894. HOWE v. ROBERTS et al.
(381 SE2d 117)

CARLEY, Chief Judge.

On February 8, 1980, appellant-plaintiff purchased a home from appellee-defendant William Douglas Roberts & Associates, Inc. (Corporation). The Corporation extended to appellant an express warranty "for a period of at least 1 year following closing." On February 4, 1981, appellant mailed a registered letter detailing the problems that he had experienced with the house. This letter was received on February 9, 1981.

On February 5, 1987, appellant filed a breach of warranty suit in magistrate court. The suit was filed against appellee-defendant William Douglas Roberts, who is the president of the Corporation. On March 11, 1987, however, appellant amended his pleadings so as to add the Corporation as a party-defendant to the proceedings. The magistrate court ultimately found in favor of appellant as against the Corporation, but it dismissed the action as against Roberts.

After a de novo appeal to the state court, a counterclaim was filed against appellant for abusive litigation under *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). The state court granted summary judgment in favor of appellees as to appellant's breach of warranty claim and denied appellant's motion to dismiss the *Yost* counterclaim. Appellant appeals from these orders.

1. It was not error to grant summary judgment in favor of Roberts. The record shows that the warranty was extended by the Corporation, not by Roberts, and that appellant offered no evidence whereby a piercing of the corporate veil would be authorized. See *Amason v. Whitehead*, 186 Ga. App. 320 (367 SE2d 107) (1988).

2. Summary judgment was granted in favor of the Corporation based upon the running of the statute of limitation. Appellant enumerates this ruling as error.

"[T]he six year statute of limitation applies and commence[s] to run from the date that [the Corporation] was notified by [appellant] of the alleged defects in the construction . . . ." *Benning Constr. Co. v. Lakeshore Plaza Enter.*, 240 Ga. 426, 429-430 (241 SE2d 184) (1977). Assuming without deciding that appellant's initiation of his action on February 5, 1987, was within the statute of limitation, the Corporation was not added as a party-defendant to the action until March 11, 1987, at which time the statute of limitation had clearly run. Accordingly, unless the amendment adding the Corporation as a defendant relates back to the date of the filing of the original com-

plaint, the Corporation's statute of limitation defense would be good.

The Civil Practice Act is not authority for the relation-back of the amendment. OCGA § 9-11-15 (c) does authorize, under certain circumstances, the relation-back of an amendment which changes or adds a party-defendant to an action. However, the legislature has determined that it is the provisions of OCGA § 15-10-40 et seq. which "shall govern civil proceedings in the magistrate court" and that such proceedings "shall not be subject to Chapter 11 of Title 9, the 'Civil Practice Act.'" OCGA §§ 15-10-40; 15-10-42.

The Civil Practice Act cannot possibly be construed as a statute which is in pari materia with OCGA § 15-10-42. OCGA § 15-10-42 expressly states that "[p]roceedings in the magistrate court shall *not* be subject to Chapter 11 of Title 9, the 'Georgia Civil Practice Act.'" (Emphasis supplied.) "The two statutes are not to be construed together. They are not *in pari materia*. 'Statutes in pari materia are those which relate to the same person or thing or the same class of person or thing, or which have a common purpose.' [Cit.]" *Maynard v. Thrasher*, 77 Ga. App. 316, 319 (48 SE2d 471) (1948). Regardless of the legislative intent underlying enactment of the Civil Practice Act, the legislative intent underlying the subsequent enactment of OCGA § 15-10-42 is to provide that there is *no* commonality between OCGA § 9-11-1 et seq. and the applicable procedure in magistrate courts. Moreover, even assuming that the two statutes were in pari materia, it would nevertheless be erroneous to construe them so as to find the provisions of OCGA § 9-11-15 (c) to be applicable in magistrate court proceedings. "'[S]tatutes in pari materia may not be resorted to where the language of the statute under consideration is clear . . . .' [Cit.]" *Butterworth v. Butterworth*, 227 Ga. 301, 304 (3a) (180 SE2d 549) (1971).The language of OCGA § 15-10-42 that magistrate court proceedings shall *not* be subject to the Civil Practice Act could not be any clearer.

There is a general right to amend pleadings in the magistrate court which predates and is not dependent upon any provision of the Civil Practice Act. See *Sikes v. Hurt & Cone*, 18 Ga. App. 197 (1) (89 SE 181) (1916). However, the present case does not concern the *general* right to amend pleadings in the magistrate court. It concerns the relation-back of an amendment adding a party-defendant. OCGA § 9-11-15 (c) cannot serve as authority for the relation-back of such an amendment in a magistrate court proceeding unless the clear and unambiguous provisions of OCGA § 15-10-42 are ignored. Other than the inapplicable provision of OCGA § 9-11-15 (c), no authority has been cited for holding that such an amendment relates back. Our own research indicates that no such authority exists. If there is no authority for the relation-back of such an amendment in a magistrate court proceeding, then the amendment of March 11, 1987, pursuant to

which the Corporation was added as a party-defendant *after* the statute of limitation had run, is totally ineffective. The state court correctly granted the Corporation summary judgment based on the running of the statute of limitation.

3. Appellant's motion to dismiss the *Yost* counterclaim which was added by amendment in the state court was denied. This ruling is enumerated as erroneous. Appellant urges that the counterclaim should have been dismissed because it had not been asserted as a compulsory counterclaim in the magistrate court.

As noted in Division 2, there is a general right to amend in the magistrate court. Accordingly, if there was no impediment to amending to add the *Yost* counterclaim in the magistrate court, there was no impediment to amending to add the *Yost* counterclaim in the de novo appeal proceedings in the state court. See generally *Smith v. Goodwin*, 84 Ga. App. 319 (1) (66 SE2d 169) (1951). We know of no such impediment. Accordingly, the trial court did not err in denying appellant's motion to dismiss.

*Judgments affirmed. Deen, P. J., McMurray, P. J., Banke, P. J., Birdsong, Pope, Benham and Beasley, JJ., concur. Sognier, J., dissents.*

SOGNIER, Judge, dissenting.

The majority has construed OCGA § 15-10-42 to prohibit the application of the principles of the Civil Practice Act in magistrate court proceedings. Recognizing that because *some* procedure, other than the limited matters set forth in OCGA § 15-10-1 et seq., must be used to guide magistrate court proceedings, the majority has also decided that the "general rights" in common law practice pre-existing the CPA are now to be applied in magistrate courts. Because the majority misconstrues OCGA § 15-10-42 and because that mistaken construction leads to the ill-considered application of common law practice to magistrate court proceedings, I dissent.

Both OCGA § 15-10-42 and OCGA § 9-11-1 address the same subject matter, the effect of the CPA on courts of this state, and therefore must be read in pari materia. *Butterworth v. Butterworth*, 227 Ga. 301, 303-304 (180 SE2d 549) (1971). OCGA § 9-11-1 provides that the CPA "governs" procedure in courts of record but only "applies" to courts which are not courts of record "to the extent that no other rule governing a particular practice or procedure of such courts is prescribed by general or local law." OCGA § 15-10-40 provides that Article 3 of Chapter 10 "governs" civil proceedings in magistrate courts, but that article contains only a bare sketch of procedural matters applicable to magistrate courts. See also the Uniform Rules for the Magistrate Courts. OCGA § 15-10-42 states that proceedings in magistrate courts "shall not be subject to" the CPA but fails to set

forth what procedure will be applicable.

The only reasonable principle of procedure to be applied to magistrate court proceedings is the procedure applicable to, though not necessarily governing, every other court in this State, the CPA. When OCGA § 9-11-1 is harmonized with Chapter 10 of Title 15, it is clear that the legislative intendment was that magistrate courts would not be *bound* by the strict technical requirements of the CPA, but that the principles of the CPA would be *applied* in those areas not specifically addressed by the provisions in OCGA § 15-10-1 et seq.

A statute should not be construed to lead to an absurd result. See *Ga. Turkey Farms v. Hardigree*, 187 Ga. App. 200, 203 (369 SE2d 803) (1988). The majority's interpretation of OCGA § 15-10-42 as excluding the application of the CPA not only needlessly conflicts with OCGA § 9-11-1, it leads to an absurd result by replacing the modern principles of the CPA with the complex, uncodified, and antiquated procedures of common law practice and injecting this practice into magistrate courts, the one court where simple and non-technical procedure is essential. The majority deprives litigants in magistrate courts of all the advantages unique to the CPA and allows them only those "general rights" which pre-existed the passage of the CPA. Although members of this Court may well remember the dramatic changes the CPA introduced into this State's courts, I must point out that because the CPA has been the law in this State for 23 years, there are many magistrate judges and attorneys who do not remember what "general rights" existed prior to the CPA. Magistrate courts are left bereft of guidance as to what procedural matters now considered "standard" are actually "unique" to the CPA and are thus rendered inapplicable in magistrate court proceedings by the majority's opinion. Even if demurrers and nonsuits do not once again become typical procedural vehicles in magistrate courts, because common law pleading was far from being common sense pleading, parties will have no way to recognize that while they have a "general right" to amend, they have no such right to relate that amendment back to the filing of the pleadings because the procedural principle in OCGA § 9-11-15 (c) was not recognized prior to 1966.

To construe OCGA § 15-10-42 as excluding from magistrate courts the general principles of pleading applicable in every other court in this State and then to fill the void made by this exclusion with procedures discernable only to those who can remember pleading in this State before 1966 and virtually inaccessible to those who do not, defeats the purpose of magistrate courts, which is to provide a simple non-technical forum for lay persons seeking to resolve their differences. Because the majority refuses to construe OCGA § 15-10-42 in pari materia with the one statute which clarifies its meaning, and, by refusing to so construe OCGA § 15-10-42, plunges magistrate

courts "backward into the labyrinth of common law pleading, from which we have so recently escaped[.] [cit.]" *Gorrell v. Fowler*, 248 Ga. 801 (1) (286 SE2d 13) (1982), I dissent.

DECIDED MARCH 17, 1989 —
REHEARING DENIED MARCH 29, 1989 — 

*Lawson & Davis, Lela L. Smith*, for appellant.
*William R. L. Watson*, for appellee.