46899. HOWE v. ROBERTS et al.
(385 SE2d 276)

HUNT, Justice.

We granted certiorari to the Court of Appeals in *Howe v. Roberts,* 191 Ga. App. 143 (381 SE2d 117) (1989) to decide two questions: (1) whether the Civil Practice Act must or may be followed in a magistrate court, and (2) whether a counterclaim for abusive litigation under *Yost v. Torok,* 256 Ga. 92 (344 SE2d 414) (1986) can be sustained where the party against whom it is sought to be asserted has prevailed in magistrate court.

The facts, more fully set forth in the Court of Appeals opinion, are as follows. Howe filed a breach of warranty suit in magistrate court against Roberts, president of Roberts & Associates Corporation, from whom Howe had purchased a house. Howe later moved to amend his complaint to add the corporation as defendant.[1] The amendment was sanctioned by the magistrate court which later found in Howe's favor against the corporation, but dismissed the action against Roberts. On the defendants' de novo appeal to state court, Howe filed an amended complaint to which the defendants filed a response, and a counterclaim for abusive litigation under *Yost.* The state court affirmed the magistrate court's dismissal of Roberts, and granted summary judgment to the corporation, finding Howe's action against that party barred by the statute of limitation. The state court also denied Howe's motion to dismiss the *Yost* counterclaim. The Court of Appeals affirmed.

1. The first question for our review is the application of the Civil Practice Act in magistrate court, specifically, whether the magistrate court was authorized to allow the amendment adding the corporate

---

[1] Unless the amendment related back to the original filing date, the claim against the corporation would have been time-barred.

defendant to relate back to the initial filing, as is authorized, under certain circumstances, by OCGA § 9-11-15 (c).[2] It is uncontroverted that when the corporation was added as a defendant on March 11, 1987, the applicable 6-year statute of limitation[3] had run.

The Court of Appeals held OCGA § 9-11-15 (c) is not applicable in magistrate court and the magistrate court was not otherwise authorized to allow the amendment to relate back.[4] We agree with the Court of Appeals that proceedings in magistrate court are not directly subject to the Civil Practice Act by the express language to that effect in OCGA § 15-10-42. However, we disagree that the magistrate court had no authority for allowing the amendment.

Both the majority and dissent in the Court of Appeals recognize that some procedural rules, other than those limited matters set forth in OCGA § 15-10-40 et seq., none of which pertain to amendments to add parties to the main claim[5] must apply to magistrate court proceedings. The Court of Appeals majority apparently determined that, other than those matters specifically addressed by OCGA § 15-10-40 et seq., the "general rights" in common law practice pre-existing the Civil Practice Act are to be applied in magistrate court. *Howe v. Roberts*, supra at 144. Although the majority found there exists a general common law right to amend in magistrate court, it found no authority for the relation back of such an amendment. Id. However, OCGA § 15-10-44 (b) provides:

> The [magistrate] judge shall conduct the trial in such man-

---

[2] OCGA § 9-11-15 (c) provides:
Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

[3] The parties agree the applicable statute of limitation is contained in OCGA § 9-3-24, for simple contracts in writing.

[4] The Court of Appeals did not reach the question whether Howe's initiation of the action on February 5, 1987, fell within the statute of limitation. The state court held that it did not. That court decided that Howe's claim which was for breach of warranty against the builder of his house, arose, for statute of limitation purposes, on February 4, 1981, when Howe wrote the builder about the defects. But that letter was not received until February 9, 1981. Since the builder could not have corrected defects per the warranty agreement until he received notice, the statute would have begun running no sooner than February 9, 1981. See *Benning Constr. Co. v. Lakeshore Plaza Enterprises*, 240 Ga. 426, 429 (241 SE2d 184) (1977). Accordingly, the initial action was filed within the statute of limitation.

[5] OCGA § 15-10-45 (a) apparently envisions adding parties in the context of counterclaims, filed as late as during trial.

ner as to do substantial justice between the parties according to the rules of substantive law. All rules and regulations relating to pleading, practice, and procedure shall be liberally construed so as to administer justice.

The foregoing language provides sufficient authority for the magistrate judge's action in allowing the relation back of the amendment in this case. It would be incongruous to require in magistrate courts a practice more restrictive than that followed in state and superior courts. The former are established and operated as more casual forums, where parties frequently appear pro se, and where the magistrate himself is often not an attorney. Rather, the language of OCGA § 15-10-42, that magistrate courts are not subject to the Civil Practice Act, must be read to permit, rather than require, magistrate courts to follow the provisions of the Civil Practice Act, or any other appropriate rules and regulations relating to pleading, practice, and procedure, where to do so would "administer justice" under OCGA § 15-10-44.[6] Certainly such language should not be construed to preclude the magistrate's use of the Civil Practice Act where such use is consistent with OCGA § 15-10-44. Therefore, the ruling to the contrary by the Court of Appeals is reversed.

2. The Court of Appeals affirmed the state court's denial of Howe's motion to dismiss the *Yost* counterclaim. Howe argues the magistrate court's decision in his favor shows as a matter of law his claim was not one "with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim" or lacked "substantial justification," precluding any liability under *Yost*. Id. at 96. We disagree. An appeal from a decision of a magistrate court is "a de novo investigation," OCGA §§ 5-3-29; 15-10-41 (b), in which the magistrate court's judgment has no bearing on the merits of the main claim nor on the merits of any subsequent *Yost* claim.

Howe also argues the *Yost* claim in this case was waived by the defendants' failure to raise that claim as a compulsory counterclaim in the magistrate court. However, the *Yost* claim of abusive litigation is defined in full as follows:

Any party who shall assert a claim, defense, or other position with respect to which there exists such a complete absence of any justiciable issue of law or fact that it reasonably could not be believed that a court would accept the asserted claim, defense, or other position; or any party who shall

---

[6] The losing party in magistrate court is entitled to a de novo appeal to state or superior court where, of course, the Civil Practice Act applies. OCGA §§ 15-10-41 (b); 5-3-29.

bring or defend an action, or any part thereof, that lacks substantial justification, or is interposed for delay or harassment; or *any party who unnecessarily expands the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures, shall be liable in tort to an opposing party who suffers damage thereby.* [Emphasis supplied.] [Id. at 96 (13).]

See also OCGA § 9-15-14. Here, the counterclaim contains an allegation, inter alia, that Howe, by his complaint as amended on de novo appeal to the state court, had unnecessarily expanded the proceedings.[7] This allegation is sufficient to state a claim for abusive litigation, and the state court properly denied Howe's motion to dismiss.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 1, 1989 —
RECONSIDERATION DENIED NOVEMBER 30, 1989.

*Lawson & Davis, Lela L. Smith,* for appellant.
*William R. Latson,* for appellees.
*Wayne M. Purdom,* amicus curiae.

---

[7] We note the original complaint in magistrate court sought $2,500 in damages plus $31 in costs. The amended complaint in state court sought damages of $10,000, plus attorney fees and other damages. While we make no judgment on the merits of the *Yost* claim, we note these claims for additional damages might be evidence that Howe had unnecessarily expanded the proceedings.